This case requires resolution of an asserted ambiguity in the new Judicial Article of the Constitution passed by the people of this state on December 18, 1973. Amendment 328, proposed by Act No. 1051, Acts of Alabama 1973, page 1676. The following provisions of the Judicial Article are involved,[1] particularly the italicized language:
Section 6.01 (a) creates a unified judicial system and vests the judicial power of the state:
 ". . . exclusively in a unified judicial system which shall consist of a supreme court, a court of criminal appeals, a court of civil appeals, a trial court of general jurisdiction known as the circuit court, a trial court of limited jurisdiction known as the district court . . .";
Section 6.07 sets out the qualifications of judges in this state:
 "Judges of the supreme court, courts of appeals, circuit court and district court shall be licensed to practice law in this state and have such other qualifications as the legislature may prescribe. Judges of the probate court shall have such qualifications as may be provided by law." (Emphasis Supplied);
Section 6.16 deals with judicial retirement and provides:
 "The legislature shall provide by law for the retirement of judges, including supernumerary judges, with such conditions, retirement benefits, and pensions for them and their dependents as it may prescribe. No person shall be elected or appointed to a judicial office after reaching the age of seventy years, provided that a judge over the age of seventy may be appointed to the office of supernumerary judge if he is not eligible to receive state judicial retirement benefits." (Emphasis Supplied); and
Section 6.21 (d) deals with continuation of courts and provides in pertinent part:
 "All judges of any court in this state . . . whose salaries or compensation are paid by their respective counties, who are qualified under the provisions of this Article, and who are holding office at the time of the approval of this Constitutional Amendment by the legislature and on the date of the establishment of the district court, shall be commissioned judges of the district court. Each such judge, accepting commission as a district judge, shall serve an initial term lasting until the first Monday after the second Tuesday in January following the next general election after he has completed three years in office as a district judge. At such election said judicial office shall be filled for a full term of office beginning at the end of the term for which such judge was commissioned." *Page 143 
The legislature passed Act No. 1205, Acts of Alabama 1975, Regular Session, implementing the Judicial Article. Article 4 of Act No. 1205 establishes the District Court system, pursuant to the Judicial Article, and provides:
 "(a) Establishment. The district court of Alabama, a trial court of limited jurisdiction, is created and established, effective January 16, 1977, and shall be subdivided according to districts and may be styled the district court of the county.
". . .
 "(c) Transition. All courts which are not authorized by Article 6 of the Constitution shall retain their power through January 15, 1977, at which time they shall be abolished. . . ."
T.L. Borom is a licensed attorney and the incumbent Judge of the Inferior Court of Dale County, which was created by an act of the legislature in 1971. Act No. 25, Acts of Alabama 1971, Second Special Session, page 4151. Judge Borom will continue in office as Judge of the Inferior Court of Dale County until that court is abolished on January 15, 1977, and the District Court is established on January 16, 1977.
Judge Borom has timely applied to be commissioned as the District Court Judge of Dale County under the provisions of Section 160 of the Judicial Article. The commission has been denied him by the Secretary of State, acting upon the advice of the Attorney General, who has advised the Secretary that:
 "Since the judge of the Inferior Court of Dale County is more than seventy years old, he is not qualified under the provisions of the Judicial Article and may not be commissioned as a district judge . . ."
Mr. Val L. McGee, a licensed attorney, was nominated by the Democratic Party as a candidate for election to the office of District Judge of Dale County, and was elected by the people of that county, without opposition, in the General Election held November 2, 1976.
Judge Borom filed a declaratory judgment action seeking a declaration that he was qualified to be commissioned as District Judge of Dale County. The circuit court so ruled, and Mr. McGee appealed. We affirm.
The issue presented is whether Judge Borom, who is more than seventy years of age, is qualified to be commissioned as district judge under Section 160 of the Judicial Article, or whether he is disqualified because of his age.
The only reference to age of judges in the Judicial Article is contained in Section 6.16 which deals with judicial retirement. That section provides that no person shall beelected or appointed to a judicial office after reaching the age of seventy years. No mention is made of being commissioned
a district judge. The only qualification to hold office mentioned in Section 6.07 is that all judges must be licensed to practice law in the state.
The Constitution is a document of the people. Words or terms used in that document must be given their ordinary meaning common to understanding at the time of its adoption by the people. Wright v. United States, 302 U.S. 583, 58 S.Ct. 395,82 L.Ed. 439 (1938). In construing a constitutional provision, the courts have no right to broaden the meaning of words used and, likewise, have no right to restrict the meaning of those words. We are, therefore, not at liberty to disregard or restrict the plain meaning of the provisions of the Constitution. McPhersonv. Blacker, 146 U.S. 1, 13 S.Ct. 3, 36 L.Ed. 869 (1892).
This general rule was restated by the Supreme Court of Florida in Ervin v. Collins (Fla.), 85 So.2d 852, 855 (1956), as follows:
 "We are called on to construe the terms of the Constitution, an instrument from the people, and we are to effectuate their purpose from the words employed in the document. We are not permitted to color it by the addition of words or the engrafting of our views as to how it should have been written . . . . it must be presumed that those who drafted the Constitution had a clear conception of the *Page 144 
principles they intended to express, that they knew the English language and that they knew how to use it, that they gave careful consideration to the practical application of the Constitution and arranged its provisions in the order that would most accurately express their intention."
But where the language included in the Constitution is not explicit or admits of doubt, it is our responsibility to determine what was intended. There are some general principles which are helpful in this case.
It goes without saying that one must possess the qualifications prescribed by law to hold public office, and one possesses no inherent right to such office. It is equally true, however, that the right to hold public office is a valuable one, and that right should not be declared prohibited absent plain provisions of law.
In the instant case, Mr. McGee contends that the Judicial Article requires that one be under seventy before he can be commissioned to a district judgeship. To reach that conclusion, Section 6.16 has to be read to include, in addition to the words "elected or appointed," the word "commissioned," which is not stated in that section of the Judicial Article. A reference to Section 6.07, which specifies the qualifications of judges, simply says that judges shall be licensed to practice law in this state. No mention is made in that section of an age limitation. Obviously, Mr. McGee and Judge Borom are in disagreement as to what the Constitution provides. As stated by Justice Terrell for the Supreme Court of Florida in Ervin v.Collins, supra:
 ". . . For the purpose of argument only, let it be assumed that said provision [of the Florida Constitution] is ambiguous. The effect could do no more than cast a doubt on eligibility [to hold office]. If it amounted to this, under every accepted rule of interpretation, the doubt or ambiguity must be resolved in favor of eligibility. . . ." (85 So.2d at 856)
The Judicial Article is silent as to age requirements, except to say that no person shall be elected or appointed to judicial office after reaching the age of seventy years.
It does not say that one must be under seventy years of age to be commissioned a district judge. For this court to supply that qualification would be to make the qualifications for holding judicial office more stringent than the Constitution provides. This we cannot do. The Judicial Article simply says that no person shall be elected or appointed to judicial office after reaching age seventy. Inasmuch as it does not say that one may not be commissioned a district judge after reaching that age, it follows that Judge Borom is eligible to be commissioned a district judge under Section 6.21 (d) of the Judicial Article.
The judgment appealed from is, therefore, affirmed.
AFFIRMED.
BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON, EMBRY and BEATTY, JJ., concur.
HEFLIN, C.J., not sitting.
[1] The Judicial Article appears in the unofficial Code of Alabama (1958 Recompiled — 1973 Cumulative Supplement) as Article VI, §§ 139-160.