SEE, Justice.
 

 Facts and Procedural History
 

 John Michael Ward was convicted of murder made capital because the victim was under the age of 14.
 
 See
 
 § 13A-5-40 (a)(15), Ala.Code 1975. The victim was Ward’s four-month-old child. Ward was sentenced to death. The Court of Criminal Appeals affirmed Ward’s conviction and sentence.
 
 Ward v. State,
 
 814 So.2d 899 (Ala.Crim.App.2000), cert. denied, 814 So.2d 925 (Ala.2001), and cert. denied, 535 U.S. 907, 122 S.Ct. 1208, 152 L.Ed.2d 145 (2002).
 

 Ward challenges his conviction and sentence in this appeal from the dismissal of his Rule 32, Ala. R.Crim. P., petition alleging ineffective assistance of counsel. Since his trial, Ward has been represented by nine different attorneys during his direct appeal, his Rule 32 petition, and his federal habeas corpus petition. One of these attorneys, David Nichols, was appointed by the trial court to represent Ward on direct appeal. In May 1999, Nichols informed the trial court that Ward had viable claims for postconviction relief, and the trial court
 
 *890
 
 appointed Nichols to represent Ward in any Rule 32 petition that would be filed. However, Nichols never filed a Rule 32 petition. In November 2000, this Court appointed James Russell Pigott to represent Ward, and, in March 2001, the Alabama State Bar suspended Nichols’s license to practice law. Nichols did not inform Ward that he had been suspended from practicing law and that he would not be able to represent Ward in his Rule 32 proceedings.
 

 Ward was aware that the time limit was approaching for filing a Rule 32 petition. He filed a pro se motion requesting that the trial court order Nichols to send Ward’s records to Drew Colfax, the attorney who had prepared Ward’s petition for the writ of certiorari to the United States Supreme Court in his direct appeal. After learning that Colfax could not represent him in filing a Rule 32 petition, Ward asked the trial court to order Nichols to send him his file. Ward claimed that his attorneys had lost large portions of his records and that Nichols had never forwarded Ward’s file to Colfax. The trial court did not order Nichols to forward the files to Ward.
 

 Ward filed another pro se motion in July 2002, asking for a copy of the pertinent records in the case so that he could file his Rule 32 petition. The trial court did not respond. That same month, Ward’s family hired A1 Pennington to represent Ward. Pennington informed Ward that he would file the Rule 32 petition “in the very near future, in order that there can be no questions as to its timeliness.... ” Petition at 6. Pennington never filed the Rule 32 petition in the trial court; instead, he filed a petition for a writ of habeas corpus in the United States District Court. Ward moved in the district court for a substitution of counsel, claiming that Pennington had been working to “circumvent [his] best interest-” Petition at 7. After Ward’s motion for substitution of counsel was denied, he requested its reconsideration, stating that “Pennington has outright deceived me by filing the Habeas Corpus as I was led to believe that he was to file the Rule 32 petition.” Petition at 8. The time for filing Ward’s Rule 32 petition expired on August 1, 2003.
 
 [1]
 

 Ward filed a complaint with the Alabama State Bar regarding Pennington’s representation. Pennington responded as follows to the complaint: “I took the position from the outset that the Rule 32 as the facts were postured was futile”; Pennington stated that he had made no representation that he would file a Rule 32 petition. The State Bar concluded that no further investigation was warranted.
 

 In October 2004, the State moved to dismiss the petition for the writ of habeas corpus filed in the federal district court, alleging that the petition had been filed three days late. Ward filed a second motion to disqualify Pennington, and Pennington moved for leave to withdraw as Ward’s counsel. The federal district court appointed Greg Hughes as substitute counsel. Hughes filed a response to the State’s motion to dismiss, asking that Ward’s petition for the writ of habeas corpus be stayed to allow Ward to pursue a newly discovered “actual innocence” claim in the Baldwin Circuit Court. Ward’s attorney during the criminal trial, Spencer Davis, Jr., had had an expert, Dr. Chris Sperry,
 

 
 *891
 
 “review portions of the discovery provided by the State of Alabama dealing with the cause of the death of the infant that gave rise to Mr. Ward’s charges. [Dr. Sperry] advised that in his opinion the cause of the child’s death was more likely Sudden Infant Death Syndrome (SIDS) than suffocation as opined by the State’s expert.”
 

 Davis did not pursue this avenue further because “[he] did not have authorization to hire the expert. The trial had previously been continued and [he] was concerned with receiving the trial judge’s anger by asking for more money and/or a continuance.” The federal court granted the stay, and Hughes filed the Rule 82 petition on November 2, 2005.
 

 However, the Rule 32 petition did not assert that there was newly discovered evidence of Ward’s innocence; instead, it relied solely on ineffective assistance of counsel as the basis of his petition. On December 15, 2005, the State moved to dismiss the Rule 82 petition, and Ward, acting pro se, moved for leave to “add to and to expand upon the issues set forth within the Rule 32 petition.” On December 19, 2005, the trial court dismissed the petition as untimely, finding that “Ward’s Rule 32 petition was filed ... far beyond the two-year limitation period in former Rule 32.2(c)[
 
 2
 
 ] and contains only nonjuris-dictional allegations of ineffective assistance of counsel.” On January 5, 2006, the federal district court granted Hughes’s motion to withdraw and appointed the Federal Defenders for the Middle District of Alabama to represent Ward in the federal habeas corpus proceeding. On or about January 9, 2006, Hughes filed in the Baldwin Circuit Court a notice of appeal and a motion to withdraw. On January 10, 2006, the Baldwin Circuit Court granted Ward’s pro se motion to amend his Rule 32 petition.
 

 The Court of Criminal Appeals held that the trial court erred in granting Ward’s motion to amend his Rule 32 petition, and it affirmed, without an opinion, the summary dismissal of Ward’s Rule 32 petition.
 
 Ward v. State
 
 (No. CR-05-0655, August 18, 2006), 988 So.2d 1078 (Ala.Crim.App.2006) (table). We granted Ward’s petition to review two issues: first, whether the Court of Criminal Appeals erred in holding in its unpublished memorandum that the trial court had no power to grant a motion to amend filed after the entry of the judgment and in holding that the trial court could not have construed the motion to amend as a motion for reconsideration; and, second, whether the limitations period in Rule 32.2(c), Ala. R.Crim. P., is jurisdictional, and, if not, whether this Court should adopt the doctrine of equitable tolling.
 

 Analysis
 

 I.
 

 Ward first argues that the decision of the Court of Criminal Appeals, holding that the trial court erred in granting Ward’s motion to amend his Rule 32 petition after the notice of appeal had already been filed, presents a material question of first impression for this Court. The Court of Criminal Appeals rejected Ward’s contention that the trial court construed Ward’s motion to amend as a motion to reconsider (and it also rejected his contention that, when the trial court granted the motion to amend, it effectively withdrew its order denying his Rule 32 petition). The Court of Criminal Appeals noted that Ward had mailed his motion to the trial
 
 *892
 
 court before the trial court had denied his Rule 32 petition; therefore, the Court of Criminal Appeals concluded, “Ward could not possibly have requested reconsideration of a ruling that had not yet occurred.”
 

 Further, according to the Court of Criminal Appeals, the motion to amend in substance requested permission to amend the Rule 32 petition, and it concluded that there was no evidence in the record indicating that the trial court intended to set aside its summary dismissal of the Rule 32 petition. Because Rule 32.7(b), Ala. R. Crim. P., allows amendments to pleadings only “prior to the entry of judgment,” the Court of Criminal Appeals held that the trial court erred in granting the motion to amend the Rule 32 petition after it had denied the petition. Because, it reasoned, granting the motion was not the equivalent of setting aside the denial of the petition, the Court of Criminal Appeals held that the notice of appeal conferred jurisdiction upon it to hear the appeal.
 

 Ward argues that the trial court could, and did, construe the motion to amend as a motion to reconsider. First, he notes that a trial court retains jurisdiction over a Rule 32 petition for 30 days after the entry of judgment.
 
 See Loggins v. State,
 
 910 So.2d 146, 148 (Ala.Crim.App.2005) (“It is well settled that a circuit court generally retains jurisdiction to modify a judgment for only 30 days after the judgment is entered.”). He then points out that Rule 32.10(a), Ala. R.Crim. P., allows any party to appeal the decision of the trial court on a Rule 32 petition according to the procedures of the Alabama Rules of Appellate Procedure. Rule 4(b)(1), Ala. RApp. P., provides that when a timely postjudgment motion has been filed, a notice of appeal filed while the postjudgment motion is pending is treated as having been filed on the date the court denies that motion. A motion to amend may not be made after a judgment is entered on a Rule 32 petition, Rule 32.7(b), Ala. R. Crim. P., and thus such a motion is not a postjudgment motion under
 
 Loggins or
 
 Rule 4(b)(1), Ala. R.App. P. Ward argues that the trial court construed the motion to amend as a motion to reconsider. According to Ward, if a motion to reconsider the ruling on his Rule 32 petition was pending, the Court of Criminal Appeals lacked jurisdiction to affirm the summary dismissal, and the trial court could still entertain the Rule 32 petition.
 

 Ward contends that the motion to amend must be construed as a motion to reconsider because otherwise the trial court’s action in granting permission to amend would be “pointless and nonsensical.” Petition at 20. Because trial courts are presumed to know and to follow existing law,
 
 Stewart v. State,
 
 730 So.2d 1203, 1221 (Ala.Crim.App.1996), and because we will affirm the judgment of the trial court if it was correct on any rationale,
 
 Kilgore v. State,
 
 643 So.2d 1015, 1018 (Ala.Crim.App.1993), Ward argues, we must presume that the trial court intended to grant a motion to reconsider.
 

 The State responds, first, that Ward had no authority to file the pro se motion to amend when he was represented by appointed counsel at the time. Second, the State argues that the motion to amend could not reasonably be considered a motion for reconsideration and that, because Rule 32.7(b), Ala. R.Crim. P., permits amendments in Rule 32 proceedings only “prior to the entry of judgment,” the motion to amend should have been denied. Third, the State points out that none of the trial court’s actions are consistent with the theory that the trial court intended to reconsider its dismissal of the petition; the State points out that “[t]he circuit court has not attempted to hold any additional hearings, status conferences, or otherwise
 
 *893
 
 suggest that it believes jurisdiction still lies in that [c]ourt.” Answer at 16. The State also notes that the judgment was never ordered to be set aside on the case-action-summary sheet, and Ward’s counsel of record also treated the petition as denied and pursued an appeal.
 

 Ward appears to be correct that this Court has never addressed the propriety of a trial court’s construing an untimely motion to amend a Rule 32 petition as a motion to reconsider. However, the facts of this case do not demonstrate that the trial court so construed Ward’s motion to amend. In Ward’s pro se motion, entitled simply “Motion,” Ward asked the trial court to “grant permission for defendant to add to and expand upon the issues in the petition on file.” Ward stated that he needed more time to convey to his attorney “the complex nature of the details [of the issues raised in the petition] without running out of time.” The trial court’s only statement in granting Ward’s motion was “motion granted.”
 

 Although the Court of Criminal Appeals reasoned that ‘Ward could not possibly have requested reconsideration of a ruling that had not yet occurred,” the question is whether the trial court could have construed the motion as one requesting reconsideration of the petition. In
 
 Water Works & Sewer Board of Talladega v. Consolidated Publishing, Inc.,
 
 892 So.2d 859, 864 (Ala.2004), we stated:
 

 “This Court has long held that it may consider court filings according to their substance, not their label. ...
 

 “ ‘... This Court has stated that it is “committed to the proposition that it will treat a motion (or other pleading) and its assigned grounds according to its substance.” Further, the Court has held that “[t]he substance of a motion and not its style determines what kind of motion it is.” ’ ”
 

 (Citations omitted.) A motion to reconsider is generally a request that the trial court take a second look at what has already come before it; such a motion generally does not encompass a movant’s presentation of new facts or new evidence not previously presented to the trial court.
 
 See Ex parte Dowling, 477
 
 So.2d 400, 403 (Ala.1985) (construing a motion for relief from judgment under the Alabama Rules of Civil Procedure as a motion for reconsideration because the facts alleged in the second postjudgment motion were known to the movant when he filed his original postjudgment motion);
 
 see also Adkison v. Adkison,
 
 957 So.2d 1135, 1137 (Ala.Civ. App.2006) (“Because the husband’s second postjudgment motion asserted as its basis the very same facts as his first post-judgment motion instead of asserting facts that were unknown to the husband when he filed his first postjudgment motion, his second postjudgment motion in reality constituted a motion to reconsider the denial of the husband’s first postjudgment motion rather than a Rule 60(b) motion.”).
 

 Here, Ward’s motion stated that he wanted to supply new facts and arguments for the trial court to consider; Ward requested the opportunity to “add to and expand upon the issues set forth within the Rule 32 petition.” Because Ward sought to present new information — not to have the prior information reconsidered — the trial court could not reasonably have construed the motion to amend as a motion for reconsideration. For this reason, it does not appear that the Court of Criminal Appeals improperly held the trial court in error for granting Ward’s motion to amend after judgment had been entered.
 
 See
 
 Rule 32.7(b), Ala. R.Crim. P. (“Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment.”). The Court of Crimi
 
 *894
 
 nal Appeals therefore had jurisdiction to consider Ward’s appeal.
 

 II.
 

 Ward argues that the Court of Criminal Appeals erred in affirming the trial court’s summary dismissal of Ward’s petition on the basis that it was untimely. First, he argues that the limitations period provided in Rule 32.2(c), Ala. R.Crim. P., is not jurisdictional. Second, he argues that equitable tolling is available to suspend the running of the limitations period in Rule 32.2(c). The Court of Criminal Appeals held that the limitations period is jurisdictional and that equitable tolling therefore is not available under Rule 32. Both issues raise questions of first impression for this Court’s resolution.
 

 A.
 

 Although the Court of Criminal Appeals has consistently held that the limitations period set forth in Rule 32.2(c), Ala. R.App. P., is jurisdictional, this Court apparently has never squarely addressed the issue.
 
 See Ex parte Hutcherson,
 
 847 So.2d 386, 388 (Ala.2002) (suggesting that the limitations period in Rule 32.2(c) is a “defense”);
 
 see also
 
 847 So.2d at 388 (Johnstone, J., concurring specially) (asserting that no case from this Court has held that Rule 32.2(c) creates a jurisdictional bar).
 

 Rule 32.2(c), Ala. R.Crim. P., provides that “the court shall not entertain any petition” brought under certain specified grounds unless the petition was timely filed. Ward points out, however, that the Alabama Constitution, in empowering this Court to promulgate court rules, specifically provides that any such rule “shall not ... affect the jurisdiction of circuit and district courts.” Amendment No. 328, § 6.11 (Art. VI, § 150, Ala. Const. 1901 (Off.Recomp.)). To interpret Rule 32.2(c) as establishing a jurisdictional bar prohibiting out-of-time petitions, he argues, runs afoul of this constitutional provision.
 
 [3]
 
 We agree.
 

 The Court of Criminal Appeals has suggested that the limitations provision found in Rule 32.2(c) is not jurisdictional.
 
 See Howard v. State,
 
 616 So.2d 398 (Ala.Crim.App.1993) (holding that the State had waived the limitations defense found in Rule 32.2(c) by failing to raise it),
 
 overruled by Williams v. State,
 
 783 So.2d 135 (Ala.Crim.App.2000);
 
 Jackson v. State,
 
 612 So.2d 1356, 1357 (Ala.Crim.App.1992) (“Generally, the statute of limitations is an affirmative defense that must be affirmatively pleaded or it is waived.”). However, the Court of Criminal Appeals later held in
 
 Williams
 
 that “the failure to file a Rule 32 petition within the two-year limitations period is a jurisdictional defect that can be noticed at any time and is not waived by the failure of the State to assert it.” 783 So.2d at 137. Thus, the Court of Criminal Appeals has interpreted Rule 32.2(c) as depriving the trial court of jurisdiction to hear an untimely Rule 32 petition.
 
 See,
 
 
 *895
 

 e.g., Williams,
 
 783 So.2d at 137 (“In this case, the appellant filed his Rule 32 petition more than two years[
 
 4
 
 ] after this court issued a certificate of judgment. Therefore, his petition was not timely, and the circuit court did not have jurisdiction to grant him relief pursuant to Rule 32.1(f), Ala. R.Crim. P. Accordingly, we dismiss this appeal.”).
 

 None of the cases on which the Court of Criminal Appeals relied in
 
 Williams,
 
 however, support that court’s holding that the limitations provision in Rule 32.2(c) is jurisdictional. Instead, it appears that the Court of Criminal Appeals in
 
 Williams
 
 and its progeny conflated statutes of limitations with procedural limitations periods such as the one in Rule 32.2(c). The court relied primarily on
 
 Hines v. State,
 
 516 So.2d 937, 938 (Ala.Crim.App.1987), in which the petitioner challenged his conviction on the ground that the three-year statutory limitations period established by the legislature for the prosecution of the offense of incest had expired. The Court of Criminal Appeals held that, because “the statute of limitations is a jurisdictional matter,” the petitioner had stated a valid claim for relief. The court in
 
 Williams
 
 also cited
 
 Ex parte Campbell,
 
 784 So.2d 323 (Ala.2000), in support of its holding. However,
 
 Campbell
 
 likewise dealt with the statute of limitations for prosecuting a criminal case, and we stated that “[bjecause the statute of limitations is jurisdictional and an indictment returned after the expiration of the limitations period of the statute is void, Campbell’s guilty plea did not waive this issue.” 784 So.2d at 325. Finally, the court in
 
 Williams
 
 cited
 
 Hunt v. State,
 
 642 So.2d 999, 1018 (Ala.Crim.App.1993), another case involving the statute of limitations applicable to a criminal offense.
 
 See Hunt,
 
 642 So.2d at 1018 (“A statute of limitations defect is considered ‘jurisdictional’ in the sense that the trial court is not authorized to pronounce the accused guilty of a time-barred offense.”).
 

 The Court of Criminal Appeals’ holding that the limitations provision in Rule 32.2(c) is jurisdictional cannot be reconciled with Art. VI, § 150, Ala. Const. 1901 (Off.Recomp.) (added by Amendment No. 328, § 6.11), which provides:
 

 “The supreme court shall make and promulgate rules governing the administration of all courts and rules governing practice and procedure in all courts; provided, however, that such rules shall not abridge, enlarge or modify the substantive right of any party nor affect the jurisdiction of circuit and district courts or venue of actions therein.... These rules may be changed by a general act of statewide application.”
 

 As we have consistently held:
 

 “ ‘ “The Constitution of Alabama, like that of the nation and of the other states, is the supreme law within the realm and sphere of its authority. Subject only to the restraints resulting from the Constitution of the United States, the Constitution of Alabama is the highest form and expression of law that exists in the state.” ’ ”
 

 Folsom v. Wynn,
 
 631 So.2d 890, 896 (Ala.1993) (quoting
 
 Gafford v. Pemberton,
 
 409 So.2d 1367, 1374 (Ala.1982), quoting in turn
 
 Johnson v. Craft,
 
 205 Ala. 386, 393, 87 So. 375, 380 (1921)). For this reason, in
 
 Ward v. State,
 
 540 So.2d 1350, 1351 (Ala.1988), we recognized that Amendment No. 328, § 6.11 (now § 150 (OffiRecomp.)), limits our ability to promulgate court rules
 
 *896
 
 that enlarge or restrict the jurisdiction of the circuit court, and we noted the general rule that a court rule cannot “enlarge or restrict” the jurisdiction of the courts.
 

 “ ‘ “In construing a constitutional provision, the courts have no right to broaden the meaning of words used and, likewise, have no right to restrict the meaning of those words.” ’ This Court is ‘ “not at liberty to disregard or restrict the plain meaning of the provisions of the Constitution.” ’ ”
 
 City of Bessemer v. McClain,
 
 957 So.2d 1061, 1092 (Ala.2006) (on second application for rehearing) (quoting
 
 City of Birmingham v. City of Vestavia Hills,
 
 654 So.2d 532, 538 (Ala. 1995), quoting in turn
 
 McGee v. Borom,
 
 341 So.2d 141,143 (Ala.1976)). Section 150 states that this Court may not promulgate rules that “affect” the jurisdiction of the circuit court. Thus, the Court of Criminal Appeals’ holding that a petitioner’s failure to comply with the timeliness requirement of Rule 32.2(c) deprives the trial court of jurisdiction to hear his petition runs afoul of § 150, Ala. Const.1901.
 
 See Ex parte Clemons,
 
 [Ms. 1041915, May 4, 2007] — So.3d-,-(Ala.2007) (holding that in light of Art. VI, § 150, Ala. Const.1901, the grounds of preclusion set forth in Rule 32.2(a), Ala. R.App. P., do not limit the jurisdiction of the trial court). We, therefore, hold that the limitations provision of Rule 32.2(c) is an affirmative defense and not a jurisdictional bar.
 
 [5]
 

 B.
 

 Because the State raised the expiration of the limitations period in its motion to dismiss Ward’s Rule 32 petition, we must address Ward’s argument that equitable tolling is available under Rule 32.2(c). The Court of Criminal Appeals, in its unpublished memorandum, held that equitable tolling is unavailable to suspend the running of the Rule 32.2(c) limitations period. Ward appears to be correct that this Court has never addressed this issue.
 

 Although we today hold that the limitations provision in Rule 32.2(c) is not a jurisdictional bar, it is nonetheless written in mandatory terms. Rule 32.2(c) provides that “the court shall not entertain any petition for relief from a conviction or sentence” that is not timely. In prior cases in which it concluded that equitable tolling is unavailable, the Court of Criminal Appeals based its holding on the mandatory “shall” language found in Rule 32.2(c) and the fact that no Alabama court has ever held that there is an exception to the limitations period.
 
 See, e.g., Arthur v. State,
 
 820 So.2d 886, 889-90 (Ala.Crim.App.2001) (holding that there is no exception to Rule 32.2(c) and that the limitations period is jurisdictional). However, this Court has never held that equitable tolling is not available in a case such as this one. Moreover, because Rule 32.2(c) does not establish a jurisdictional bar, the trial court has the power to hear an untimely petition because the running of the limitations period would “not divest the circuit court of the power to try the case.”
 
 Ex parte Seymour,
 
 946 So.2d 536, 539 (Ala.2006).
 

 Further, as Ward points out, under federal habeas corpus practice, the federal courts have held that equitable tolling is available for a § 2244 petition, notwith
 
 *897
 
 standing that the word “shall” appears in 28 U.S.C. § 2244(d)(1) (establishing procedures for petitions for the writ of habeas corpus).
 
 See, e.g., Baldayaque v. United States,
 
 838 F.3d 145, 153 (2d Cir.2003) (holding that equitable tolling may be available where the attorney’s behavior was outrageous or the attorney’s incompetence was extraordinary);
 
 Spitsyn v. Moore,
 
 345 F.3d 796, 799 (9th Cir.2003) (allowing equitable tolling where the petitioner’s attorney failed to file the petition and failed to return the petitioner’s file despite multiple requests from the petitioner);
 
 Sandvik v. United States,
 
 177 F.3d 1269 (11th Cir.1999) (allowing equitable tolling in cases of extraordinary circumstances beyond the petitioner’s control and unavoidable even with the exercise of diligence).
 

 We hold that equitable tolling is available in extraordinary circumstances that are beyond the petitioner’s control and that are unavoidable even with the exercise of diligence. We recognize that “[i]n a capital case such as this, the consequences of error are terminal, and we therefore pay particular attention to whether principles of ‘equity would make the rigid application of a limitation period unfair’ and whether the petitioner has ‘exercised reasonable diligence in investigating and bringing [the] claims.’ ”
 
 Fahy v. Horn,
 
 240 F.3d 239, 245 (3d Cir.2001) (quoting
 
 Miller v. New Jersey Dep’t of Carr.,
 
 145 F.3d 616, 618 (3d Cir.1998)). Nevertheless, “the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.”
 
 United States v. Marcello,
 
 212 F.3d 1005, 1010 (7th Cir.2000).
 

 Finally, we must address the petitioner’s burden of demonstrating that he or she is entitled to the relief afforded by the doctrine of equitable tolling. Rule 32.7(d), Ala. R.Crim. P., allows the trial court to summarily dismiss a Rule 32 petition that, on its face, is precluded or fails to state a claim, and we have held that the trial court may properly summarily dismiss such a petition without waiting for a response to the petition from the State.
 
 Bishop v. State,
 
 608 So.2d 345, 347-48 (Ala.1992) (“ ‘Where a simple reading of a petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney.’”). Although the Rules of Criminal Procedure initially place the burden on the State to plead any ground of preclusion, the ultimate burden is on the petitioner to disprove that a ground of preclusion applies. Rule 32.3, Ala. R.Crim. P.
 

 Because the limitations provision is mandatory and applies in all but the most extraordinary of circumstances, when a petition is time-barred on its face the petitioner bears the burden of demonstrating in his petition that there are such extraordinary circumstances justifying the application of the doctrine of equitable tolling.
 
 See Spitsyn v. Moore,
 
 345 F.3d at 799 (holding that the burden is on the petitioner for the writ of habeas corpus to show that the exclusion applies and that the “extraordinary circumstances” alleged, rather than a lack of diligence on his part, were the proximate cause of the untimeliness);
 
 Drew v. Department of Corr.,
 
 297 F.3d 1278, 1286 (11th Cir.2002) (“The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.”). Thus, when a Rule 32 petition is time-barred on its face, the petition must establish entitlement to the remedy afforded by the doctrine of equitable tolling. A petition that does not assert equitable tolling, or that asserts it but fails to state any principle of law or any fact that would entitle the petitioner to the equitable tolling of the applicable limitations pro
 
 *898
 
 vision, may be summarily dismissed without a hearing. Rule 32.7(d), Ala. R.Crim. P.
 

 Conclusion
 

 The trial court could not reasonably have construed Ward’s motion to amend as a motion to reconsider that would have held the notice of appeal in abeyance; therefore, we affirm the Court of Criminal Appeals’ decision that it had jurisdiction to consider Ward’s appeal. We conclude, however, that the Court of Criminal Appeals erred in holding that Rule 32.2(c), Ala. R.Crim. P., creates a jurisdictional bar that precludes application of the doctrine of equitable tolling; therefore, we reverse its judgment in that respect and remand the cause for further proceedings consistent with this opinion.
 

 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
 

 LYONS, WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ., concur.
 

 COBB, C.J., recuses herself.
 

 [1]
 

 .
 
 See
 
 Rule 32.2(c), Ala. R.Crim. P., "Court Comment of January 27, 2004, to Amendment to Rule 32.2 Effective August 1, 2002.” The Court of Criminal Appeals issued its certificate of judgment on September 7, 2001; thus, Ward had one year from August 1, 2002, within which to file his Rule 32 petition.
 

 [2]
 

 . The limitations period in Ward's case was actually slightly less than two years.
 
 See
 
 note l.
 

 [3]
 

 . The State does not squarely address Ward’s argument that Art. VI, § 150, Ala. Const. 1901 (Off.Recomp.), prevents this Court from holding that Rule 32.2(c), Ala. R.Crim. P., affects the jurisdiction of the trial court. Instead, the State argues that, "[a]lthough courts are required to 'say what the law is’ when presented with legislation or executive orders of questionable constitutionality, a circuit court cannot overrule, modify, or otherwise supersede a ruling of this Court.... [A] circuit court is an inferior court that must apply this Court’s rules
 
 as written. ”
 
 Answer at 20. The State cites
 
 Marshall v. State,
 
 884 So.2d 900 (Ala.2003), for the proposition that only this Court, and not the Court of Criminal Appeals, may amend rules of practice and procedure, arguing that the Court of Criminal Appeals had no option but to obey Rule 32.2(c), Ala. R.Crim. P., and to affirm the summary dismissal of the petition.
 

 [4]
 

 . Rule 32.2(c) was amended effective August 1, 2002, to change the limitations period to one year.
 

 [5]
 

 . In
 
 Clemons,
 
 we held that the preclusion grounds set out in Rule 32.2(a), Ala. R.Crim. P., are affirmative defenses available to the State, not jurisdictional bars that deprive the trial court of the power to hear a Rule 32 petition. — So.3d at-. Under the reasoning of
 
 Clemons,
 
 the limitations provision of Rule 32.2(c) is also an affirmative defense that may be waived by the State rather than a jurisdictional bar and may be raised by the appellate court sua sponte “[ojnly in extraordinary circumstances.”
 
 Clemons,
 
 — So.3d at-.