KELLUM, Judge.
The appellant, Walter Patrick, appeals from the circuit court’s summary denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P., in which he challenged his June 2004 conviction for sodomy in the first degree and his resulting sentence of 30 years’ imprisonment. This court affirmed Patrick’s conviction and sentence by unpublished memorandum. See Patrick v. State, 954 So.2d 1141 (Ala.Crim.App.2005) (table). A certificate of judgment was issued on December 9, 2005.
On September 8, 2009, Patrick filed the instant Rule 32 petition in which he raised claims of ineffective assistance of trial and appellate counsel. In his petition, Patrick acknowledged that his petition was untimely pursuant to Rule 32.2(c), Ala. R.Crim. P.; however, Patrick alleged that “excusable neglect” outside his control resulted in the untimely filing his Rule 32 petition. (C. 15.) Specifically, Patrick al *757 leged that his appellate counsel, Vader A1 Pennington, had informed Patrick and his wife that he would file a timely Rule 32 petition on Patrick’s behalf when, in fact, Pennington did not do so. Further, Patrick alleged that Pennington had agreed to forward a copy of the Rule 32 petition, once filed, to Patrick, which, Patrick alleged, he had not received. After some time had passed and Patrick did not receive a copy, Patrick initiated correspondence with Pennington, but he received no response. Patrick alleged that his wife subsequently attempted to initiate contact with Pennington. After making contact with Pennington, she was told that the Rule 32 petition had been filed in the circuit court. Still having no copy of the Rule 32 petition purportedly filed by Pennington in their possession, Patrick and his wife attempted again to contact Pennington. Patrick stated that he and his wife attempted to contact Pennington via certified mail and electronic mail. Patrick claimed that, after numerous failed attempts to establish contact, his wife contacted the Washington Circuit Court clerk’s office and was told that no Rule 32 petition had been filed on Patrick’s behalf. Thereafter, Patrick filed a formal complaint with the Alabama State Bar. Patrick attached to his Rule 32 petition, among other things, a June 23, 2009, letter addressed to Patrick from the Disciplinary Commission of the Alabama State Bar stating that it had determined that formal charges should be filed against Pennington.
At the same time he filed his September 8, 2009, Rule 32 petition, Patrick also filed a “Motion for Enlargement of Time” in which he requested that the circuit court enlarge the time limitation in Rule 32.2(c), Ala. R.Crim. P. In support of his request, Patrick reasserted the same facts that he had asserted in his Rule 32 petition. Patrick stated that he had been represented by Pennington, whom he had retained as his appellate counsel on direct appeal and who had declared that he would pursue postconviction relief on his behalf by filing a Rule 32 petition. Patrick further alleged that he and his wife had requested from Pennington on numerous occasions a copy of the filed Rule 32 petition and that Pennington was evasive, gave numerous excuses in an attempt to justify his delay in not providing a copy, and ultimately'failed to provide a copy of the Rule 32 petition to Patrick. Patrick stated that he believed his attorney’s representation that a Rule 32 had been timely filed on his behalf.
On September 15, 2009, the circuit court granted Patrick’s motion for enlargement of time and ordered that all Rule 32 motions be filed within 30 days. On September 30, 2009, the State filed a response in which it asserted that Patrick’s Rule 32 petition was time-barred under Rule 32.2(c), Ala. R.Crim. P. Without conducting a hearing, the circuit court entered an order on June 4, 2010, denying Patrick’s Rule 32 petition. In its order, the circuit court found that Patrick’s petition was time-barred under Rule 32.2(c). This appeal followed.
Patrick contends on appeal that the circuit court erred by not applying the doctrine of equitable tolling to his Rule 32 petition. Citing Ex parte Ward, 46 So.3d 888 (Ala.2007), Patrick contends that extraordinary circumstances beyond his control existed that were unavoidable even with the exercise of due diligence and, thus, that the doctrine of equitable tolling should apply to his particular case.
Before addressing the merits of Patrick’s claims on appeal, this court remanded the case by order on December 3, 2010, for the circuit court to clarify the confusion created by the circuit court’s entry of an order on September 15, 2009, granting an *758 “enlargement of time” and to ascertain whether the circuit court’s September 15, 2009, order amounted to a grant of the requested relief under the doctrine of equitable tolling. On remand, the circuit court entered an order in which it stated that the court granted an enlargement of time for the purposes of judicial economy and that it “did not intend, nor does this Court find, that the doctrine of equitable tolling is applicable in the present case.” (Record on Return to Remand, C. 2.)
Notwithstanding the circuit court’s order, we must now determine the merits of Patrick’s claim that the doctrine of equitable tolling, as discussed in Ex parte Ward, supra, applies in his case. Rule 32.2(c), Ala. R.Crim. P., provides that “the court shall not entertain any petition” brought under certain specified grounds unless the petition was timely filed. In Ward, our Supreme Court addressed, as a matter of first impression, “whether the limitations period in Rule 32.2(c), Ala. R.Crim. P., is jurisdictional, and, if not, whether this Court should adopt the doctrine of equitable tolling.” 46 So.3d at 891 (footnote omitted). The Supreme Court held that the doctrine of equitable tolling applied and recognized equitable tolling as an exception to the limitations provision in Rule 32.2(c). 46 So.3d at 897. In so holding, our Supreme Court stated:
“Although we today hold that the limitations provision in Rule 32.2(c) is not a jurisdictional bar, it is nonetheless written in mandatory terms. Rule 32.2(c) provides that ‘the court shall not entertain any petition for relief from a conviction or sentence’ that is not timely. In prior cases in which it concluded that equitable tolling is unavailable, the Court of Criminal Appeals based its holding on the mandatory ‘shall’ language found in Rule 32.2(c) and the fact that no Alabama court has ever held that there is an exception to the limitations period. See, e.g., Arthur v. State, 820 So.2d 886, 889-90 (Ala.Crim.App. 2001) (holding that there is no exception to Rule 32.2(c) and that the limitations period is jurisdictional). However, this Court has never held that equitable tolling is not available in a case such as this one. Moreover, because Rule 32.2(c) does not establish a jurisdictional bar, the trial court has the power to hear an untimely petition because the running of the limitations period would ‘not divest the circuit court of the power to try the case.’ Ex parte Seymour, 946 So.2d 536, 539 (Ala.2006).
[[Image here]]
“We hold that equitable tolling is available in extraordinary circumstances that are beyond the petitioner’s control and that are unavoidable even with the exercise of diligence. We recognize that ‘[i]n a capital case such as this, the consequences of error are terminal, and we therefore pay particular attention to whether principles of “equity would make the rigid application of a limitation period unfair” and whether the petitioner has “exercised reasonable diligence in investigating and bringing [the] claims.” ’ Fahy v. Horn, 240 F.3d 239, 245 (3d Cir.2001) (quoting Miller v. New Jersey Dep’t of Corr., 145 F.3d 616, 618 (3d Cir.1998)). Nevertheless, ‘the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.’ United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000).
“Finally, we must address the petitioner’s burden of demonstrating that he or she is entitled to the relief afforded by the doctrine of equitable tolling. Rule 32.7(d), Ala. R.Crim. P., allows the trial court to summarily dismiss a Rule 32 petition that, on its face, is precluded or fails to state a claim, and we have *759 held that the trial court may properly summarily dismiss such a petition without waiting for a response to the petition from the State. Bishop v. State, 608 So.2d 345, 347-48 (Ala.1992) (‘ “Where a simple reading of a petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney.” ’)• Although the Rules of Criminal Procedure initially place the burden on the State to plead any ground of preclusion, the ultimate burden is on the petitioner to disprove that a ground of preclusion applies. Rule 32.3, Ala. R.Crim. P.
“Because the limitations provision is mandatory and applies in all but the most extraordinary of circumstances, when a petition is time-barred on its face the petitioner bears the burden of demonstrating in his petition that there are such extraordinary circumstances justifying the application of the doctrine of equitable tolling. See Spitsyn v. Moore, 345 F.3d at 799 (holding that the burden is on the petitioner for the writ of habeas corpus to show that the exclusion applies and that the ‘extraordinary circumstances’ alleged, rather than a lack of diligence on his part, were the proximate cause of the untimeliness); Drew v. Department of Corr., 297 F.3d 1278, 1286 (11th Cir.2002) (‘The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.’). Thus, when a Rule 32 petition is time-barred on its face, the petition must establish entitlement to the remedy afforded by the doctrine of equitable tolling. A petition that does not assert equitable tolling, or that asserts it but fails to state any principle of law or any fact that would entitle the petitioner to the equitable tolling of the applicable limitations provision, may be summarily dismissed without a hearing. Rule 32.7(d), Ala. R.Crim. P.”
Ex parte Ward, 46 So.3d at 896-98.
In the instant case, Patrick asserted in his Rule 32 petition that the doctrine of equitable tolling should apply in his case. Patrick alleged that his appellate counsel, Pennington,[1] had advised him that he would file a Rule 32 petition on Patrick’s behalf in the Washington Circuit Court and that he would send Patrick a copy of the Rule 32 petition once it had been filed. Patrick alleged that he never received a copy of the Rule 32 petition. Patrick stated that he tried, to no avail, to contact Pennington to inquire about the status of his Rule 32 petition. Patrick further represented that his wife, who attempted to contact Pennington after her husband’s failed attempts, was able to contact Pennington only to be falsely informed that a Rule 32 petition had been filed on Patrick’s behalf. Patrick alleged that after he did not receive a copy of the Rule 32 petition as requested, he and his wife attempted to contact Pennington using various forms of communication. Finally, Patrick’s wife contacted the Washington Circuit Court clerk’s office and learned that no Rule 32 petition had been filed on Patrick’s behalf. Patrick subsequently filed a formal complaint with Alabama State Bar. The State *760 Bar concluded in a letter attached as an exhibit to Patrick’s Rule 32 petition that formal charges should be filed against Pennington.
The facts as alleged by Patrick in his Rule 32 petition and “Motion for Enlargement” demonstrate “extraordinary circumstances justifying the application of the doctrine of equitable tolling.” Ward, 46 So.3d at 897. Pennington told Patrick that he would file a Rule 32 petition in the circuit court; however, Pennington never filed a Rule 32 petition. Patrick’s repeated attempts to contact Pennington proved futile, and, on the one occasion his wife was able to communicate with Pennington, Pennington falsely claimed that he had filed a Rule 32 petition in the circuit court. Even after receiving this false information, Patrick and his wife continued to try and contact Pennington when they did not receive a copy of the Rule 32 petition. Patrick’s failure to file a timely Rule 32 petition was unavoidable even with the exercise of due diligence, given Pennington’s misrepresentations to Patrick and his wife and Pennington’s evasive behavior. See Ex parte Ward, 46 So.3d at 897.
Based on the foregoing, Patrick adequately demonstrated in his Rule 32 petition that he was entitled to tolling of the applicable limitations provision. Accordingly, the judgment of the circuit court summarily denying Patrick’s Rule 32 petition on the basis that it was time-barred under Rule 32.2(c) is reversed. This cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
BURKE and JOINER, JJ., concur. WELCH, P.J., dissents, with opinion, joined by WINDOM, J.

. In Ex parte Ward, Ward's family had hired Pennington, the same attorney whose performance is at issue in the instant case. Pennington informed Ward that he would file a timely Rule 32 petition on his behalf. 46 So.3d at 890. Instead, Pennington filed a writ of habeas corpus in the United States District Court. Ward alleged that Pennington deceived him by filing a petition for a writ of habeas corpus when he was led to believe that Pennington was going to file a Rule 32 petition. 46 So.3d at 890.