IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 4, 2013

**E. LOUIS THOMAS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 04-07385      J. Robert Carter, Jr., Judge**

**No. W2012-00999-CCA-MR3-PC  - Filed November 8, 2013**

Petitioner, E. Louis Thomas, was convicted by a Shelby County jury for the offense of first degree murder, and he received a sentence of life imprisonment.  The conviction was affirmed on appeal, and the Tennessee Supreme Court denied Petitioner's timely filed *pro se* application for permission to appeal to that court.  *See State v. E. Louis Thomas*, No. W2008-01360-CCA-R3-CD, 2010 WL 2977874 (Tenn. Crim. App. July 29, 2010) *perm. app. denied* (Tenn. Jan. 18, 2011).  Both of Petitioner's counsel were allowed to withdraw as counsel of record on August 24, 2010, pursuant to Tenn. Sup. Ct. R. 14.  Petitioner filed a petition for post-conviction relief.  The earliest it could be considered "filed," under the "mailbox" rule, was March 22, 2012.  The trial court summarily dismissed the petition because it was filed outside the one year statute of limitations.  Petitioner appeals, and we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JEFFREY S. BIVINS, JJ., joined.

E. Louis Thomas, Whiteville, Tennessee, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Paul Goodman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Petitioner mistakenly asserts in his appeal that this court granted him "a delayed appeal" of his conviction, and he has presented his argument in the brief in accordance with this misconception.  This court actually entered an order that, in essence, waived the timely

filing of the notice of appeal from the trial court's order dismissing the petition for post-conviction relief.  The appropriateness of this action by the trial court is the sole issue on appeal.

In his petition for post-conviction relief, Petitioner's entire response as to why the one year statute of limitations should not bar his claim is as follows:

> [Trial/Appellate Counsel] filed many extension[s] in my case and informed me that he would forward me a letter letting me know exactly when to do my post-conviction and that he would assist me but never did.  He resign[ed] from my case after the decision from the [C]ourt[ ] of [Criminal] [A]ppeals[s].

As stated above, the record reflects that trial/appellate counsel were permitted to withdraw as counsel, pursuant to Tenn. Sup. Ct. R. 14, following this court's issuance of its opinion in Petitioner's case.  That rule requires counsel to provide a defendant with notice, among other things, that counsel is requesting to withdraw as counsel for the Defendant.  The motion cannot be granted absent delivery of this notice.  Petitioner in this case acknowledges that he knew when counsel withdrew, both by his statement in his petition and implicitly by timely filing a *pro se* application to appeal his case to the supreme court.

Tennessee Code Annotated section 40-30-102 provides that Petitioner had one year from January 18, 2011 (the date the Tennessee Supreme Court denied his application to appeal) to timely file a petition for post-conviction relief.  Tenn. Code Ann. § 40-30-102(a).  Subsection (b) of that statute provides for three very limited exceptions to the statute of limitations, and none of the exceptions listed were alleged in the petition to be applicable in this case.  *See* Tenn. Code Ann. § 40-30-102(b).

Constitutional due process claims, when appropriate, might also cause the statue of limitations to be tolled.  In the recent case of *Whitehead v. State,* our supreme court adopted a new standard for determining if due process required tolling of the statute of limitations in post-conviction cases.  The court held,

> Henceforth, when a post-conviction petitioner argues that due process requires tolling the Post-Conviction Procedure Act's statute of limitations based on the conduct of his or her lawyer, the two-prong inquiry of *Holland* and *Maples* should guide the analysis.  A petitioner is entitled to due process tolling upon a showing (1) that he or she has been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing.  *Holland v. Florida*,

[560 U.S. 631,] 130 S. Ct. [2549,] 2562[, 177 L. Ed. 2d 130 (2010)]. Specifically, the second prong is met when the prisoner's attorney of record abandons the prisoner or acts in a way directly adverse to the prisoner's interests, such as by actively lying or otherwise misleading the prisoner to believe things about his or her case that are not true. *See Maples v. Thomas*, [___ U.S. ___,] 132 S. Ct. [912,] 923[, 181 L. Ed. 2d 807 (2012)]; *Holland v. Florida*, 130 S.Ct. at 2564-65; *Dillon v. Conway*, 642 F.3d 358, 363-64 (2d Cir. 2011); *Downs v. McNeil*, 520 F.3d at 1320-21 (discussing these two "well-recognized exceptions" to the "your lawyer, your fault" rule).

In terms of diligence, courts have recognized that due diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option, but rather to make reasonable efforts. . . . Moreover, the due diligence inquiry is an individualized one that must take into account the conditions of confinement and the reality of the prison system." *Downs v. McNeil*, 520 F.3d at 1323 (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)).

*Whitehead*, 402 S.W.3d 615, 631 (Tenn. 2013).

We conclude that Petitioner's case does not fall within the standard announced in *Whitehead*. If it did, the "exception[ ] [would] swallow the rule." *Id*. at 632 (citing *Ex parte Ward*, 46 So. 3d 888, 897 (Ala. 2007) and quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

Accordingly, Petitioner is not entitled to relief in this appeal, and the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE