IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 9, 2016


**MICHAEL WAYNE DAVIS v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Davidson County**
**No. 2008-B-1939      Steve R. Dozier, Judge**

_____


**No. M2015-00976-CCA-R3-PC – Filed March 4, 2016**

_____


Michael Wayne Davis ("the Petitioner") appeals from the dismissal of his untimely filed petition for post-conviction relief. The Petitioner argues that principles of due process require tolling the statute of limitations to file his petition. Because the record does not justify tolling the statute of limitations, we affirm the judgment of the post-conviction court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR. J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR., and ALAN E. GLENN, JJ., joined.

Chadwick Wyatt Jackson, Nashville, Tennessee, for the appellant, Michael Wayne Davis.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Glenn Funk, District Attorney General; and J. Wesley King, Assistant District Attorney General, for the appellee, State of Tennessee.


**OPINION**

**I. Factual and Procedural Background**

The Petitioner was convicted of attempted second degree murder and aggravated assault. State v. Michael Wayne Davis, No. M2010-02108-CCA-R3-CD, 2013 WL 105172, at *1 (Tenn. Crim. App. Jan. 9, 2013), perm. app. denied (Tenn. Apr. 11, 2013). His convictions were merged, and he was sentenced to nineteen years' incarceration. Id. The Petitioner appealed, and this court affirmed his conviction on January 9, 2013. Id.

The Tennessee Supreme Court denied the Petitioner's application for permission to appeal on April 11, 2013.

The Petitioner filed a pro se Petition for Post-Conviction Relief ("the Petition"), alleging several instances of ineffective assistance of counsel as well as other claims. The Petition was signed and notarized on May 23, 2014, but it was not filed until June 27, 2014. An In Forma Pauperis Declaration, Affidavit of Indigency, Trust Fund Affidavit, and Motion for Appointment of Counsel were signed by the Petitioner on June 12, 2014, and filed on June 27, 2014. Post-conviction counsel was appointed, and an amended petition was filed. The State filed a Motion to Dismiss the Petition, claiming that the Petition was filed outside the statute of limitations and therefore was time-barred.

At the hearing on the State's Motion to Dismiss, post-conviction counsel stipulated that the Petition was untimely filed but argued that fundamental fairness required tolling the statute of limitations because the Petitioner was unable to complete the Petition due to forces outside of his control while he was housed in a maximum security institution.

The Petitioner testified that he was incarcerated in a maximum security prison during the time he was preparing the Petition. He stated that he had limited access to the prison law library and said, "If I put in something to go to the law library, if I put it in, I might not hear from the law library until [thirty]—[thirty] days to almost [two] months later." The Petitioner estimated that he "tried to contact the law library to push the PCR that [he] was trying to file" over fifty to sixty times between April 2013 and June 2014. The Petitioner also stated,

> I never did get access to the law library until they was [sic] fixing to remove me off of the—about [two] months right before they were fixing to grant me a release me off to close. But when you get on close you still ain't got access to them neither.

The Petitioner confirmed that he was not removed from maximum security until May 2014 and that he was unable to go to the prison library to prepare the Petition between April 11, 2013, and April 11, 2014.

The Petitioner noted that trial counsel had sent him a letter informing him that his application for appeal to the Tennessee Supreme Court had been denied, but the Petitioner claimed that trial counsel did not inform him of any statute of limitations to file the post-conviction petition. A copy of a letter from trial counsel to the Petitioner, dated April 15, 2013, was introduced as an exhibit. In it, trial counsel informed the Petitioner that he could file a post-conviction petition, pursue federal habeas corpus, or both, but the letter does not mention any applicable statute of limitations.

The Petitioner also said he requested transcripts of his trial from trial counsel, but he never received them. When asked what he used to prepare the Petition, the Petitioner said,

> Man, just a few little pieces of paper, little motions and stuff that I left out of this courtroom with. I ain't had nothing. That's what—that's what was prolonging my research to do the [Petition] to even try to go back home. Because [trial counsel] wouldn't even send me no copies of my transcripts are [sic] nothing.

On cross-examination, the Petitioner said he knew he could file a post-conviction petition, but he was not aware of the statute of limitations. He acknowledged that he had previously been incarcerated in Indiana. When asked if he filed a post-conviction petition in Indiana, the Petitioner responded, "I paid lawyers. I guess they did. I don't know." Later, the Petitioner said, his fellow inmates "started teaching [the Petitioner] about the Tennessee laws 'cause Indiana laws are different." The Petitioner also acknowledged that he was able to send and receive letters and make phone calls while he was incarcerated in the maximum security facility. The Petitioner also admitted that he mailed a least seven letters to the post-conviction court, one of which said the Petitioner had "a deadline so [he] was wanting things from the clerk." The Petitioner said he sent those letters to inform the court that he was not receiving the paperwork he needed to file the Petition. The Petitioner stated that his uncle, who worked in the law library, helped him type the Petition and that the Petition was mailed to the court before the Petitioner left the maximum security prison. The Petitioner stated that he could not remember the date that he was moved from maximum security but insisted that he was moved in May 2014. However, he later said he was moved from the maximum security prison in June 2014. When asked how he was able to communicate with his uncle, the Petitioner responded, "What do you mean how was I able to communicate with him? He worked in the law library. The CCO—I mean, the correction officer that picks up our legal requests and takes them over there to the law library."

In a written order, the post-conviction court found that the Petition was filed outside the statute of limitations. Additionally, the post-conviction court found that, even though the Petitioner spent time in maximum security, "the [c]ourt does not find that [the Petitioner] was prevented from filing a timely petition because of extraordinary circumstances beyond his control or that the principles of due process and fundamental fairness required that the statute of limitations be tolled." The Petition was denied. This timely appeal followed.

## II. Analysis

On appeal, the Petitioner argues that due process principles require that the statute of limitations be tolled in this case because the Petitioner's limited access to the prison law library constitutes a circumstance beyond his control that prevented him from timely filing the Petition. Additionally, the Petitioner asserts that trial counsel was "obligated by 'fundamental fairness and/or a duty of loyalty' " to inform the Petitioner of the applicable statute of limitations. The State argues that the Petition has failed to establish that the statute of limitations should be tolled due to extraordinary circumstances outside of the Petitioner's control.

Post-conviction relief cases often present mixed questions of law and fact. See Fields v. State, 40 S.W.3d 450, 458 (Tenn. 2001). Appellate courts are bound by the post-conviction court's factual findings unless the evidence preponderates against such findings. Kendrick v. State, 454 S.W.3d 450, 457 (Tenn. 2015). However, "[a]ppellate courts review a post-conviction court's conclusions of law, decisions involving mixed questions of law and fact, and its application of law to its factual findings de novo without a presumption of correctness." Whitehead v. State, 402 S.W.3d 615, 621 (Tenn. 2013). "Issues regarding whether due process required the tolling of the post-conviction statute of limitations are mixed questions of law and fact and are, therefore, subject to de novo review." Id.

A petition for post-conviction relief must be filed "within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken[.]" Tenn. Code Ann. § 40-30-102(a). "[T]he one-year limitations period is an element of the right to file the action and is a condition upon its exercise." Id. Further, "[t]he statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available in law or equity." Id. Additionally, the statute says that "[n]o court shall have jurisdiction to consider a petition filed after the expiration of the limitations period," except in one of three narrow circumstances: (1) claims based on a newly recognized constitutional right that applies retroactively and that are filed within one year of the ruling recognizing that right; (2) claims based upon new scientific evidence that proves the petitioner's actual innocence of the offense; and (3) claims seeking relief from a sentence that was enhanced because of previous convictions that have since been held to be invalid. Tenn. Code Ann. § 40-30-102(b). Nothing in the record indicates that the Petitioner's case fits within any of these statutory exceptions, and the Petitioner does not argue that any of the exceptions apply.

In addition to these statutory circumstances, our supreme court has held that due process may require tolling the statute of limitations (1) when the claim for relief arose after the statute of limitations had expired; (2) when the petitioner's mental incompetence prevented him from complying with the statute of limitations; and (3) when the

petitioner's attorney had committed misconduct.  Whitehead, 402 S.W.3d at 623-24.  In Whitehead, our supreme court adopted a two-prong test to determine whether the statute of limitations should be tolled on due process grounds.  The petitioner must show "(1) that he or she had been pursuing his or her rights diligently, and (2) that some extraordinary circumstance stood in his or her way and prevented timely filing."  Id. at 631 (citing Holland v. Florida, 560 U.S. 631, 648 (2010)).  This standard applies to all due process tolling claims.  Bush v. State, 428 S.W.3d 1, 22 (Tenn. 2014).  However, our supreme court also warned that, in light of the General Assembly's expressed intention to construe the statute of limitations as strictly as possible, "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule."  Whitehead, 402 S.W.3d at 632 (quoting Ex parte Ward, 46 So.3d 888, 897 (Ala. 2007)) (internal quotation marks omitted).

The Petitioner asserts that he was unable to timely file the Petition because he was housed in a maximum security institution and was unable to access the prison law library. However, the record clearly shows that the Petitioner's uncle worked in the law library and was able to assist the Petitioner in researching and preparing the Petition.  The Petitioner noted that he was able to communicate with his uncle through a correctional officer who delivered inmates' legal requests to the library.  While the Petitioner may not have had direct access to the law library, nothing in the record indicates that the Petitioner could not communicate with his uncle in order to prepare the Petition.  See Darren Brown v. State, No. W2012-02584-CCA-MR3-PC, 2013 WL 6405736, at *3-4 (Tenn. Crim. App. Dec. 5, 2013), perm. app. denied (Tenn. May 14, 2014) (due process tolling not required when petitioner could not mail post-conviction petition himself due to prison lockdown but nothing in the record suggested that he was prevented from giving the petition to a prison employee to be placed in the mail).

Additionally, the Petitioner asserts that the statute of limitations should be tolled because trial counsel did not inform the Petitioner about any applicable statute of limitations.  The letter from trial counsel, dated four days after the Tennessee Supreme Court denied the Petitioner's application for appeal, stated that the Petitioner could pursue post-conviction relief but was silent as to any applicable statute of limitations. Nevertheless, the record indicates that the Petitioner was aware that there was a deadline to file the Petition—the Petitioner stated his fellow inmates were teaching him about Tennessee post-conviction procedure, and the Petitioner wrote a letter to the post-conviction court which noted that a deadline was approaching.  However, even if the Petitioner was unaware of the deadline, trial counsel's failure to inform him of the applicable statute of limitations, standing alone, would not have triggered due process tolling.  In Whitehead, our supreme court noted that trial counsel's failure to accurately inform her client about the applicable statute of limitations, standing alone, was not sufficient to require tolling the statute of limitations.  Whitehead, 402 S.W.3d at 632.

Instead, the court in <u>Whitehead</u> clearly stated that the statute of limitations needed to be tolled due to the *combined effect* of trial counsel's failures, which included failure to timely inform the petitioner about his right to pursue post-conviction relief, misinforming the petitioner about the correct deadline to file a post-conviction petition, and retaining the petitioner's file despite the petitioner's multiple requests for the file. <u>Id.</u> Here, the Petitioner was informed of his right to seek post-conviction relief four days after he exhausted his direct appeals in state court. While the Petitioner claimed at the hearing that trial counsel did not send him the transcripts of his trial, he does not repeat that claim on appeal. Further, we note that the Petition contains quotes of testimony presented at trial. Finally, as noted above, the record indicates that the Petitioner was aware of the applicable statute of limitations.

## III. Conclusion

Based on the record before us, we conclude that due process does not require tolling the statute of limitations and the Petition is time-barred. The judgment of the post-conviction court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE