On Application for Rehearing
 

 BOLIN, Justice.
 

 This Court’s opinion of February 6, 2009, is withdrawn, and the following is substituted therefor.
 

 On May 14, 2003, George Fidel Martinez was convicted of intentional murder, a violation of § 13A-6-2, Ala.Code 1975, and was sentenced to 30 years’ imprisonment. Martinez appealed, and the Court of Crim
 
 *617
 
 inal Appeals affirmed his conviction and sentence in an unpublished memorandum.
 
 Martinez v. State,
 
 910 So.2d 836 (Ala.Crim.App.2004)(table). That court issued a certificate of judgment on March 10, 2004. On September 28, 2005, Martinez filed a petition for postconviction relief pursuant to Rule 82, Ala. R.Crim. P. On July 13, 2006, the trial court dismissed Martinez’s Rule 32 petition after an evi-dentiary hearing. On April 20, 2007, the Court of Criminal Appeals, applying the limitations period of Rule 32.2(c), Ala. R.Crim. P., affirmed the trial court’s order of dismissal in an unpublished memorandum.
 
 Martinez v. State,
 
 9 So.3d 580 (Ala.Crim.App.2007) (table). We granted cer-tiorari review to determine whether the Court of Criminal Appeals was correct in applying the limitations period of Rule 32 to Martinez’s petition.
 

 Rule 32 Proceeding and Appeal
 

 In his Rule 32 petition, Martinez argued that the trial court was without jurisdiction to render a judgment and to impose the sentence because, he says: (1) a fatal variance existed between the charge in the indictment and the proof offered at trial; (2) the jury instruction on aiding and abetting was a constructive amendment of the indictment, adversely affecting Martinez; (3) the indictment failed to allege the offense of aiding and abetting; and (4) Martinez was denied allocution at the time of sentencing. Martinez also argued that the time limitation of Rule 32.2(c), Ala. R.Crim. P., should not apply in his case because, he says, as a native of Guatemala who does not speak English, he faced significant obstacles in pursuing postconviction review. Additionally, he argued that his counsel was ineffective: (1) for requesting a jury charge on aiding and abetting; (2) for failing to consult with Martinez before requesting a charge on aiding and abetting; and (3) for failing to adequately cross-examine witnesses.
 

 The State filed a motion to dismiss Martinez’s petition along with a response to the petition. The State’s motion to dismiss states as follows: “Comes Now State of Alabama in the above-styled cause and moves to dismiss [Martinez’s] most recently filed petition and for grounds therefore [sic] statefs] that [Martinez’s] petition is precluded pursuant to Rule 32.2(a), (b), and (c).”
 
 [1]
 
 The State then goes on to respond to the merits of Martinez’s petition. In the State’s response, the State again refers to Rule 32.2(c), but simply states that the limitation issue was addressed in its motion to dismiss.
 

 The circuit judge who had presided over Martinez’s trial conducted a hearing on Martinez’s Rule 32 petition. At the hearing, Martinez was represented by counsel, and he testified though the use of an interpreter. The focus of the hearing was Martinez’s assertion that his conviction was obtained in part because he did not understand English. After the hearing, the trial court entered an order disposing of Martinez’s claims and denying his petition. Specifically, the trial court stated:
 

 “The Court has jurisdiction to render judgment and impose sentence. [Martinez] was indicted and charged with Murder. The Indictment apprised [Martinez] [of] what he was charged with and what he must defend against. The Indictment was sufficient according to law and was not void.
 

 “Under Alabama Law a person indicted as an actual perpetrator of a crime may be convicted as an aider or abettor upon proof of being an aider or abettor
 
 *618
 
 even though not charged as an aider or abettor in the Indictment.
 

 “An aider or abettor may be indicted directly [for] the commission of the substantive crime and the charge may be supported by proof that he only aided or abetted in the commission of the crime. One need not be charged as an aider or abettor to be tried and convicted as one.
 

 “And as the Judge presiding over the trial of this case, the Court finds that Attorney Bill Kominos’[s] conduct was not such as to undermine the proper functioning of the adversarial process so that the trial or appeal of this cause could not be relied upon to produce a just result. The Court finds that counsel’s assistance was reasonable and effective considering all of the circumstances of the case.
 

 “The Court further finds that the decisions made by counsel concerning the trial and appeal of this case and his trial strategy was the result of reasonable, professional judgment. The Court further finds that in applying the standards as set forth in
 
 Strickland v. Washington,
 
 466 U.S. 688, 104 Sup.Ct. 2052, 80 L.Ed.2d 674 (1984), [Martinez’s] claim that his rights were violated and that he did not receive a fair trial because of ineffective assistance of counsel are not well taken.
 

 “The Court further finds that there is no showing of prejudice. [Martinez] has not shown that there was a reasonable probability that but for counsel’s alleged ‘unprofessional errors,’ the result would have been different.
 

 “The Court further finds that counsel’s representation did not fall below an objective standard of reasonable probability that the result would have been different if counsel’s trial of the case had been different.
 

 “The Court further finds that at the sentencing hearing [Martinez] and his counsel were given the opportunity to make any statement he wanted to make before sentence was imposed.
 

 “The Court further finds that this case was appealed to Court of Criminal Appeals and was affirmed by [unpublished] Memorandum. The Court finds that the grounds raised by [Martinez] in this petition were raised at trial and were raised or could have been raised in a Motion for New Trial or Motion for Judgment for Acquittal or were or could have been raised on appeal.
 

 “The Court further finds that the Certificate of Judgment by the Court of Criminal Appeals was issued on the 10th day of March, 2004. This petition was filed October 5, 2005.
 

 “The Court has considered each contention or ground or allegation in [Martinez’s] petition and finds that they are not well taken.”
 

 The Court of Criminal Appeals, in its unpublished memorandum, stated that, in reviewing the trial court’s denial of Martinez’s petition, it would affirm the trial court’s judgment if the court was correct for any reason, even for a reason not stated in the trial court’s order. The Court of Criminal Appeals then held that Martinez’s claims were barred by the limitations period of Rule 32.2(c), because the petition was filed more than one year after the Court of Criminal Appeals had issued its certificate of judgment in Martinez’s direct appeal. The court further held that the limitations period of Rule 32.2(c) was mandatory and jurisdictional and that Martinez’s petition, which was filed outside of the applicable one-year limitations period, was clearly untimely.
 

 Martinez petitioned this Court for cer-tiorari review, arguing that the Court of Criminal Appeals erred: (1) in, he says,
 
 *619
 

 sua sponte
 
 applying the limitations period of Rule 32.2(c) to his ineffective-assistance-of-counsel claims; (2) in holding that the limitations period of Rule 32.2(c) was mandatory and jurisdictional and that it could not be waived by the State; and (3) in holding that the doctrine of equitable tolling does not apply to the limitations period in Rule 32.2(c) for a petition for postcon-viction relief.
 

 Discussion
 

 While Martinez’s application for rehearing of the Court of Criminal Appeals’ decision on his appeal from the denial of his Rule 32 petition was pending and then while his petition for certiorari review of that court’s decision was pending, this Court issued two opinions that are disposi-tive of the issues raised by Martinez. On May 4, 2007, this Court issued its opinion in
 
 Ex parte Clemons,
 
 55 So.3d 348 (Ala.2007), in which we held that a reviewing court could not apply a procedural bar
 
 sua sponte.
 
 In
 
 Clemons,
 
 Eugene Clemons was convicted of capital murder in the death of a drug-enforcement officer during the course of a robbery. After finding Clemons guilty of capital murder, the jury recommended that the death penalty be imposed; the trial court followed the jury’s recommendation and sentenced Clemons to death. The Court of Criminal Appeals affirmed Clemons’s conviction and sentence on direct appeal.
 
 Clemons v. State,
 
 720 So.2d 961 (Ala.Crim.App.1996),
 
 aff'd,
 
 720 So.2d 985 (Ala.1998). Clemons then filed a Rule 32, Ala. R.Crim. P., petition alleging, among other things, ineffective assistance of trial counsel. Ultimately, the trial court denied Clemons’s allegations of ineffective assistance of counsel on the merits. On appeal from the denial of the Rule 32 petition, the Court of Criminal Appeals affirmed the trial court’s order on the ground that Clemons’s ineffective-assistance-of-counsel claims were barred by Rule 32.2(a)(2), because Clemons’s appellate counsel had raised the issue of trial counsel’s effectiveness in a motion for a new trial and Rule 32.2(a)(2) provides that no petitioner will be granted relief on a ground that was raised or addressed at trial. This Court granted certiorari review to determine whether the Court of Criminal Appeals erred in
 
 sua sponte
 
 applying a procedural bar to preclude Clemons’s ineffective-assistance-of-counsel claims. We held that although Rule 32.2(a) is mandatory, the procedural bar is not jurisdictional and, therefore, can be waived by the State.
 

 Subsequently, on June 1, 2007, in
 
 Ex parte Ward,
 
 46 So.3d 888 (Ala.2007), this Court addressed the limitations period of Rule 32.2(c), Ala. R.Crim. P., as follows:
 

 “The Court of Criminal Appeals, in its unpublished memorandum [in
 
 Ward v. State
 
 (No. CR-05-0655, Aug. 18, 2006), 988 So.2d 1078 (Ala.Crim.App.2006) ], held that equitable tolling is unavailable to suspend the running of the Rule 32.2(c) limitations period. Ward appears to be correct that this Court has never addressed this issue.
 

 “Although we today hold that the limitations provision in Rule 32.2(c) is not a jurisdictional bar, it is nonetheless written in mandatory terms. Rule 32.2(c) provides that ‘the court shall not entertain any petition for relief from a conviction or sentence’ that is not timely. In prior cases in which it concluded that equitable tolling is unavailable, the Court of Criminal Appeals based its holding on the mandatory ‘shall’ language found in Rule 32.2(c) and the fact that no Alabama court has ever held that there is an exception to the limitations period. See, e.g.,
 
 Arthur v. State,
 
 820 So.2d 886, 889-90 (Ala.Crim.App.2001) (holding that there is no exception to Rule 32.2(c) and that the limitations period is jurisdictional). However, this
 
 *620
 
 Court has never held that equitable tolling is not available in a case such as this one. Moreover, because Rule 32.2(c) does not establish a jurisdictional bar, the trial court has the power to hear an untimely petition because the running of the limitations period would ‘not divest the circuit court of the power to try the case.’
 
 Ex parte Seymour,
 
 946 So.2d 536, 539 (Ala.2006).
 

 “Further, as Ward points out, under federal habeas corpus practice, the federal courts have held that equitable tolling is available for a § 2244 petition, notwithstanding that the word ‘shall’ appears in 28 U.S.C. § 2244(d)(l)(estab-lishing procedures for petitions for the writ of habeas corpus). See, e.g.,
 
 Baldayaque v. United States,
 
 338 F.3d 145, 153 (2d Cir.2003)(holding that equitable tolling may be available where the attorney’s behavior was outrageous or the attorney’s incompetence was extraordinary);
 
 Spitsyn v. Moore,
 
 345 F.3d 796, 799 (9th Cir.2003)(allowing equitable tolling where the petitioner’s attorney failed to file the petition and failed to return the petitioner’s file despite multiple requests from the petitioner);
 
 Sandvik v. United States,
 
 177 F.3d 1269 (11th Cir.1999)(allowing equitable tolling in cases of extraordinary circumstances beyond the petitioner’s control and unavoidable even with the exercise of diligence).
 

 “We hold that equitable tolling is available in extraordinary circumstances that are beyond the petitioner’s control and that are unavoidable even with the exercise of diligence. We recognize that ‘[i]n a capital case such as this, the consequences of error are terminal, and we therefore pay particular attention to whether principles of “equity would make the rigid application of a limitation period unfair” and whether the petitioner has “exercised reasonable diligence in investigating and bringing [the] claims.” ’
 
 Fahy v. Horn,
 
 240 F.3d 239, 245 (3d Cir.2001) (quoting
 
 Miller v. New Jersey Dep’t of Corr.,
 
 145 F.3d 616, 618 (3d Cir.1998)). Nevertheless, ‘the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.’
 
 United States v. Marcello,
 
 212 F.3d 1005, 1010 (7th Cir.2000).
 

 “Finally, we must address the petitioner’s burden of demonstrating that he or she is entitled to the relief afforded by the doctrine of equitable tolling. Rule 32.7(d), Ala. R.Crim. P., allows the trial court to summarily dismiss a Rule 32 petition that, on its face, is precluded or fails to state a claim, and we have held that the trial court may properly summarily dismiss such a petition without waiting for a response to the petition from the State.
 
 Bishop v. State,
 
 608 So.2d 345, 347-48 (Ala.1992) (‘ “Where a simple reading of a petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may] summarily dismiss that petition without requiring a response from the district attorney.” ’). Although the Rules of Criminal Procedure initially place the burden on the State to plead any ground of preclusion, the ultimate burden is on the petitioner to disprove that a ground of preclusion applies. Rule 32.3, Ala. R.Crim. P.
 

 “Because the limitations provision is mandatory and applies in all but the most extraordinary of circumstances, when a petition is time-barred on its face the petitioner bears the burden of demonstrating in his petition that there are such extraordinary circumstances justifying the application of the doctrine of equitable tolling. See
 
 Spitsyn v. Moore,
 
 345 F.3d at 799 (holding that the
 
 *621
 
 burden is on the petitioner for the writ of habeas corpus to show that the exclusion applies and that the ‘extraordinary circumstances’ alleged, rather than a lack of diligence on his part, were the proximate cause of the untimeliness);
 
 Drew v. Department of Corr.,
 
 297 F.3d 1278, 1286 (11th Cir.2002)(‘The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.’). Thus, when a Rule 32 petition is time-barred on its face, the petition must establish entitlement to the remedy afforded by the doctrine of equitable tolling. A petition that does not assert equitable tolling, or that asserts it but fails to state any principle of law or any fact that would entitle the petitioner to the equitable tolling of the applicable limitations provision, may be summarily dismissed without a hearing. Rule 32.7(d), Ala. R.Crim. P.”
 

 46 So.3d at 896-98.
 

 In the present case, the Court of Criminal Appeals affirmed Martinez’s conviction on a ground that it claims was not provided in the trial court’s order. However, the trial court responded to all contentions raised by Martinez in his Rule 32 petition, including Martinez’s acknowledgment that his petition should be heard and that the procedural bar of Rule 32.2(c) should not apply. Rule 32.2(c) establishes a limitations period for filing a petition for postconviction relief on the grounds specified in Rule 32.1(a) and (f), and if there is a direct appeal from the conviction to the Court of Criminal Appeals, the Rule 32 petition should be filed within one year of the issuance by that court of a certificate of judgment on the petitioner’s direct appeal. In responding to Martinez’s petition, the trial court found in its order that the certificate of judgment in Martinez’s case was issued on March 10, 2004, and that Martinez’s petition was filed on October 5, 2005.
 
 [2]
 
 Although the trial court did not refer to Rule 32.2(c), the court did refer to the date the Court of Criminal Appeals issued its certificate of judgment and the date Martinez filed his petition. Accordingly, we cannot say that the Court of Criminal Appeals raised the issue of the statute of limitations
 
 sua sponte
 
 because Martinez acknowledged that his petition was untimely, the State referred to the limitations period in its motion to dismiss, and the trial court’s order referred to the dates applicable to the limitations period. Although this Court’s decision in
 
 Ex parte Clemons
 
 (addressing a court’s
 
 sua sponte
 
 application of a procedural bar) does not apply to the facts of this case, our decision in
 
 Ex parte Ward
 
 (addressing equitable tolling of the limitations period of Rule 32) does.
 

 While Martinez’s certiorari petition was pending, this Court issued its opinion in
 
 Ex parte Ward.
 
 Martinez did not have the benefit of
 
 Ward
 
 to afford him the opportunity to argue the equitable tolling of the limitations period. Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand the case to that court for consideration of Martinez’s claim that he is entitled to the remedy afforded by the doctrine of equitable tolling and, if it decides that he is, whether the trial court was correct in denying Martinez’s petition.
 

 APPLICATION OVERRULED; OPINION OF FEBRUARY 6, 2009, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED WITH DIRECTIONS.
 

 
 *622
 
 LYONS, WOODALL, STUART, SMITH, PARKER, and MURDOCK, JJ., concur.
 

 COBB, C.J., and SHAW, J.,
 
 *
 
 recuse themselves.
 

 [1]
 

 . Rule 32.2(a), (b), and (c), Ala. R.Crim. P., address preclusion of grounds (32.2(a)), successive petitions (32.2(b)), and the limitations period (32.2(c)).
 

 [2]
 

 . Martinez’s petition was deemed filed on September 28, 2005, when he gave it to the prison authorities. See
 
 Ex parte Allen,
 
 825 So.2d 271 (Ala.2002). In any event, Martinez’s petition was clearly outside the one-year limitations period.