LYONS, Justice.
 

 John Michael Ward petitioned this Court for a writ of certiorari to review whether the Court of Criminal Appeals erred in affirming the Baldwin Circuit Court’s summary denial of his Rule 82, Ala. R.Crim. P., petition for postconviction relief. We issued the writ of certiorari to review whether the doctrine of equitable tolling we adopted in Ward’s earlier appeal of the dismissal of his Rule 32 petition is applicable to him. For the reasons discussed below, we hold that Ward should be allowed to benefit from the doctrine of equitable tolling, and we reverse the judgment of the Court of Criminal Appeals and remand the case.
 

 I.
 
 Facts and Procedural History
 

 Ward was convicted of capital murder in the death of his four-month-old son and was sentenced to death in 1998. The murder was made capital because the victim was less than 14 years of age. § 13A-5-40(a)(15), Ala.Code 1975. On direct appeal, the Court of Criminal Appeals affirmed Ward’s conviction and his sentence.
 
 Ward v. State,
 
 814 So.2d 899 (Ala.Crim. App.2000),
 
 cert. denied,
 
 814 So.2d 925 (Ala. 2001),
 
 cert. denied,
 
 535 U.S. 907, 122 S.Ct. 1208, 152 L.Ed.2d 145 (2002) (“Ward I”).
 

 Ward filed a Rule 32 petition for post-conviction relief on November 2, 2005. The time for filing his Rule 32 petition had expired on August 1, 2003, however, and the trial court summarily dismissed Ward’s petition. The Court of Criminal Appeals affirmed, without an opinion, the trial court’s summary dismissal of the petition.
 
 Ward v. State
 
 (No. CR-05-0655), 988 So.2d 1078 (Ala.Crim.App.2006) (table)
 
 (“Ward II”).
 
 We granted certiorari review to address two issues, one of which was “whether the limitations period in Rule 32.2(c), Ala. R.Crim. P.,[
 
 1
 
 ] is jurisdictional, and, if not, whether this Court should adopt the doctrine of equitable tolling.”
 
 Ex parte Ward,
 
 46 So.3d 888, 891 (Ala.2007)
 
 (“Ward III
 
 ”). We held that the time limitation imposed in Rule 32.2(c) is not jurisdictional and that “equitable tolling is available in extraordinary circumstances that are beyond the petitioner’s control and that are unavoidable even with the exercise of diligence.”
 
 Ward III,
 
 46 So.3d at 897. We then concluded that “the Court of Criminal Appeals erred in holding that Rule 32.2(c), Ala. R.Crim. P., creates a jurisdictional bar that precludes application of the doctrine of equitable tolling,” and we “reverse[d] its judgment in that respect and remand[ed] the cause for further proceedings consistent with th[e] opinion.”
 
 Ward III,
 
 46 So.3d at 898.
 

 The complex circumstances surrounding the nearly two-year delay between the running of the limitations period in Rule 32.2(c) and Ward’s filing of his Rule 32
 
 *900
 
 petition are addressed in
 
 Ward III.
 
 For purposes of this opinion, we note that Ward has been represented by nine different attorneys during his direct appeal, his Rule 32 petition, and a petition for a writ of habeas corpus filed in federal court. One of those attorneys was later suspended from practicing law, another lost portions of Ward’s file, and another, Ward says, told Ward’s family that he would file a Rule 32 petition on Ward’s behalf before the one-year deadline in Rule 32.2(c) expired but did not do so. The attorney who eventually filed Ward’s Rule 32 petition asked the federal court to stay Ward’s habeas corpus petition to allow him to pursue in the state court a claim of actual innocence based on newly discovered evidence. The federal court granted the stay, and Ward’s Rule 32 petition was filed on November 2, 2005. However, instead of asserting a claim of newly discovered evidence tending to prove Ward’s innocence, the Rule 32 petition relied solely on ineffective-assistance-of-counsel claims. The petition failed to set forth any justification for its untimeliness. It stated only that no timely Rule 32 petition had been filed because Ward’s previous attorneys had not filed any petition and that Ward, who is not trained in the law, had assumed that all legal requirements to obtain postconviction review were being met. Ward’s present counsel was appointed in 2006 while his appeal in
 
 Ward II
 
 was pending. Ward asserted the doctrine of equitable tolling for the first time in his brief to the Court of Criminal Appeals in
 
 Ward II.
 

 After this Court reversed its judgment and remanded the case in
 
 Ward III,
 
 the Court of Criminal Appeals, in an unpublished memorandum, again affirmed the trial court’s summary dismissal of Ward’s Rule 32 petition.
 
 Ward v. State
 
 (No. CR-05-0655, August 17, 2007), 14 So.3d 196 (Ala.Crim.App.2007)(table)
 
 (“Ward IV”).
 
 The Court of Criminal Appeals, in its unpublished memorandum, held that the trial court properly denied Ward’s petition on the ground that it was time-barred by Rule 32.2(c) and further held that the doctrine of equitable tolling was not available to Ward so as to suspend the running of the limitations period because “Ward did not assert the doctrine of equitable tolling in his petition, nor did he plead any facts or principles of law regarding equitable tolling in his petition.” The Court of Criminal Appeals pointed out in its unpublished memorandum in
 
 Ward IV
 
 that the facts and legal principles supporting Ward’s argument for equitable tolling appeared only in his principal and reply briefs and in an untimely motion to supplement the record that the trial court granted. We again granted certiorari review to consider whether Ward should be allowed an opportunity to present his evidence in support of equitable tolling to the trial court for consideration.
 

 II.
 
 Analysis
 

 In its unpublished memorandum in
 
 Ward IV,
 
 the Court of Criminal Appeals quoted from our opinion in
 
 Ward III
 
 as follows:
 

 “ ‘Finally, we must address the petitioner’s burden of demonstrating that he or she is entitled to the relief afforded by the doctrine of equitable tolling. Rule 32.7(d), Ala. R.Crim. P., allows the trial court to summarily dismiss a Rule 32 petition that, on its face, is precluded or fails to state a claim, and we have held that the trial court may properly summarily dismiss such a petition without waiting for a response to the petition from the State.
 
 Bishop v. State,
 
 608 So.2d 345, 347-48 (Ala.1992) (“ “Where a simple reading of a petition for post-conviction relief shows that, assuming every allegation of the petition to be true, it is obviously without merit or is precluded, the circuit court [may]
 
 *901
 
 summarily dismiss that petition without requiring a response from the district attorney.’ ”). Although the Rules of Criminal Procedure initially place the burden on the State to plead any ground of preclusion, the ultimate burden is on the petitioner to disprove that a ground of preclusion applies. Rule 32.3, Ala. R.Crim. P.
 

 “ ‘Because the limitations provision is mandatory and applies in all but the most extraordinary of circumstances, when a petition is time-barred on its face the petitioner bears the burden of demonstrating
 
 in his petition
 
 that there are such extraordinary circumstances justifying the application of the doctrine of equitable tolling. See
 
 Spitsyn v. Moore,
 
 345 F.3d [796,] 799 [(9th Cir. 2003) ] (holding that the burden is on the petitioner for the writ of habeas corpus to show that the exclusion applies and that the “extraordinary circumstances” alleged, rather than a lack of diligence on his part, were the proximate cause of the untimeliness);
 
 Drew v. Department of Corr.,
 
 297 F.3d 1278, 1286 (11th Cir. 2002) (“The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner.”). Thus, when a Rule 32 petition is time-barred on its face, the petition must establish entitlement to the remedy afforded by the doctrine of equitable tolling.
 
 A petition
 
 that does not assert equitable tolling, or that asserts it but fails to state any principle of law or any fact that would entitle the petitioner to the equitable tolling of the applicable limitations provision, may be summarily dismissed without a hearing. Rule 32.7(d), Ala. R.Crim. P.’ ”
 

 (Quoting
 
 Ward III,
 
 46 So.3d at 897-98.) Based on the above-quoted portion of this Court’s opinion in
 
 Ward III,
 
 the Court of Criminal Appeals concluded that the trial court’s summary denial of Ward’s Rule 32 petition was proper because Ward did not assert the doctrine of equitable tolling
 
 in his Rule 32 petition.
 

 Especially pertinent to this case, however, is the paragraph in
 
 Ward III
 
 that precedes the above-quoted material relied upon by the Court of Criminal Appeals in
 
 Ward TV.
 
 We there stated:
 

 “We hold that equitable tolling is available in extraordinary circumstances that are beyond the petitioner’s control and that are unavoidable even with the exercise of diligence. We recognize that ‘[i]n a capital case such as this, the consequences of error are terminal, and we therefore pay particular attention to whether principles of “equity would make the rigid application of a limitation period unfair” and whether the petitioner has “exercised reasonable diligence in investigating and bringing [the] claims.” ’
 
 Fahy v. Horn,
 
 240 F.3d 239, 245 (3d Cir.2001) (quoting
 
 Miller v. New Jersey Dep’t of Corr.,
 
 145 F.3d 616, 618 (3d Cir.1998)). Nevertheless, ‘the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule.’
 
 United States v. Marcello,
 
 212 F.3d 1005, 1010 (7th Cir.2000).”
 

 Ward III,
 
 46 So.3d at 897.
 

 The dispositive issue before us is whether the Court of Criminal Appeals correctly held that the doctrine of equitable tolling is not available to Ward because he failed to assert it in the Rule 32 petition filed by previous counsel on November 2, 2005, before we released our opinion in
 
 Ward III
 
 on June 1, 2007, in which we recognized as a matter of first impression the availability of equitable tolling to a Rule 32 petitioner. In light of the fact that the doctrine of equitable tolling is a newly recognized exception to the limitations provision of Rule 32.2(c), that it was
 
 *902
 
 Ward who argued successfully before this Court that the doctrine should be adopted, and that this is a capital case, we hold that Ward should have the opportunity to assert the doctrine of equitable tolling.
 

 The United States Supreme Court has held that “a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final.”
 
 Griffith v. Kentucky,
 
 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987). This Court recognizes the applicability of new rules to pending cases that are not yet final. See, e.g.,
 
 Ex parte Waldrop,
 
 859 So.2d 1181, 1184 (Ala.2002). In
 
 Ex parte Martinez,
 
 [Ms. 1061237, May 29, 2009] — So.3d -(Ala.2009), we held that a defendant whose petition for a writ of certio-rari was pending when we decided
 
 Ward III
 
 was entitled to assert the doctrine of equitable tolling as it related to his Rule 32 petition. We stated:
 

 “While Martinez’s certiorari petition was pending, this Court issued its opinion in
 
 [Ward III].
 
 Martinez did not have the benefit of
 
 Ward [III
 
 ] to afford him the opportunity to argue the equitable tolling of the limitations period. Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand the case to that court for consideration of Martinez’s claim that he is entitled to the remedy afforded by the doctrine of equitable tolling and, if it decides that he is, whether the trial court was correct in denying Martinez’s petition.”
 

 Martinez,
 
 — So.3d at -. A review of our summary in
 
 Martinez
 
 of the claims Martinez argued in his Rule 32 petition reflects that the only claim that could arguably be said to assert the doctrine of equitable tolling was a claim that the limitations period of Rule 32.2(c) should not apply in his case “because, he says, as a native of Guatemala who does not speak English, he faced significant obstacles in pursuing postconviction review.” — So.3d at-. Martinez was entitled to assert the newly recognized doctrine of equitable tolling on remand; likewise, Ward is entitled to assert the doctrine, which was adopted in his case.
 

 Moreover, Ward was the petitioner who argued in his petition for certiorari review that this,Court should adopt the doctrine of equitable tolling in regard to the limitations period of Rule 32. In civil cases, although a new rule of law is generally applied prospectively only, it is applied retroactively in the case in which it is adopted. As we stated in
 
 Griffin v. Unocal Corp.,
 
 990 So.2d 291, 293 (Ala.2008), the party who prevails in bringing about a change in the law should be rewarded for his or her efforts. Even though Ward’s argument for equitable tolling of the limitations period of Rule 32.2(c) was not raised in his Rule 32 petition, he argued for the new rule in his appeal to the Court of Criminal Appeals and in his certiorari petition to this Court, thus benefiting petitioners to come after him. He should certainly benefit as well.
 

 Finally, this is a capital case where the consequences of error are terminal.
 
 [2]
 
 As we pointed out in
 
 Ward III,
 
 we pay particular attention in a capital case to whether rigid application of a limitations period would be unfair and whether the petitioner exercised reasonable diligence in investigating and bringing the claims. In Ward’s case, the due-process guarantee of fundamental fairness of the Fourteenth
 
 *903
 
 Amendment to the United States Constitution is implicated if we fail to allow Ward the benefit of the doctrine of equitable tolling that was adopted as a result of his efforts solely because he did not include facts or legal principles in support of the doctrine in a petition filed over a year and a half before this Court recognized the doctrine in a case in which he urged its adoption. In light of all the circumstances presented by this case, we believe that Ward should have an opportunity to present to the trial court his evidence and arguments in support of the equitable tolling of the limitations period of Rule 32.2(c) for consideration on their merits. The Court of Criminal Appeals erred in denying him the benefit of the newly adopted rule when it affirmed the trial court’s summary dismissal of Ward’s Rule 32 petition based on the time bar in Rule 32.2(c).
 

 III.
 
 Ward’s Motion to Supplement the Statement of Facts and the Record
 

 Ward has filed a motion to supplement the statement of facts and the record in order to bring to this Court’s attention on certiorari review facts that were not presented to the Court of Criminal Appeals in his application for rehearing and documents that are not included in the record. Those facts and documents provide evidentiary support for Ward’s equitable-tolling argument, which should be presented to the trial court on remand. We therefore deny Ward’s motion to supplement the facts and the record in this case.
 

 IV.
 
 Conclusion
 

 Because we conclude that Ward should have an opportunity to assert his claim that the doctrine of equitable tolling should be applied to the limitations period of Rule 32.2(c) and his Rule 32 petition considered on its merits, despite the fact that his equitable-tolling argument was not included in the Rule 32 petition filed on November 2, 2005, we reverse the judgment of the Court of Criminal Appeals and remand the case for that court, in turn, to remand it to the trial court for an eviden-tiary hearing on the merits of Ward’s equitable-tolling claim and a determination as to whether Ward is entitled to file an out-of-time Rule 32 petition.
 

 MOTION TO SUPPLEMENT DENIED; REVERSED AND REMANDED.
 

 WOODALL, STUART, SMITH, BOLIN, PARKER, and MURDOCK, JJ„ concur.
 

 COBB, C.J., and SHAW, J.,
 
 *
 
 recuse themselves.
 

 [1]
 

 . Rule 32.2(c), Ala. R.Crim. P., states, in pertinent part:
 

 "Subject to the further provisions hereinafter set out in this section, the court shall not entertain any petition for relief from a conviction or sentence on the grounds specified in Rule 32.1(a) and (f), unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals.... ”
 

 [2]
 

 . In
 
 Ward III,
 
 we did not limit the application of equitable tolling to capital cases. We note, however, that such an exception to the rule is available in any case only in extraordinary circumstances.