On Remand from the Alabama Supreme Court
 

 WELCH, Judge.
 

 In
 
 Ex parte Martinez,
 
 75 So.3d 616 (Ala.2009), the Alabama Supreme Court reversed the judgment of this Court and remanded the case for this Court to review Martinez’s appeal of the denial of his Rule 32, Ala. R.Crim. P., petition and to determine whether Martinez was entitled to the remedy afforded by the doctrine of equitable tolling and, if he was, to determine whether the circuit court was correct to deny Martinez relief.
 

 Initially, this Court was not entirely sure what the Alabama Supreme Court’s remand directions in
 
 Martinez
 
 meant when that Court stated:
 

 “ ‘[W]e reverse the judgment of the Court of Criminal Appeals and remand the case to that court for consideration of Martinez’s claim that he is entitled to the remedy afforded by the doctrine of equitable tolling and, if it decides that he is, whether the trial court was correct in denying Martinez’s petition.’ ”
 

 
 *623
 

 Martinez,
 
 75 So.3d at 621. We questioned whether the Supreme Court intended for this Court to make findings of fact regarding Martinez’s entitlement to the equitable tolling of the limitation period in Rule 32. However, since the Alabama Supreme Court’s remand, that Court released its opinion in
 
 Ex parte Ward,
 
 46 So.3d 898 (Ala.2010)
 
 (“Ward V”).
 

 [1]
 

 The facts in
 
 Ward
 
 are similar to those presented in
 
 Martinez.
 
 The Supreme Court did not note distinctions between the cases. The Alabama Supreme Court stated in
 
 Ward V
 
 that,
 

 “the dispositive issue before [the Supreme Court was] whether the Court of Criminal Appeals correctly held that the doctrine of equitable tolling is not available to Ward because he failed to assert it in the Rule 32 petition filed by previous counsel on November 2, 2005, before we released our opinion in
 
 Ward III
 
 on June 1, 2007, in which we recognized as a matter of first impression the availability of equitable tolling to a Rule 32 petitioner.”
 

 Ward V,
 
 46 So.3d at 901. Quoting
 
 Griffith v. Kentucky,
 
 479 U.S. 314, 328, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987), the Alabama Supreme Court in
 
 Ward V
 
 found that “ ‘a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final,’ ” and, thus, that ‘Ward should have the opportunity to assert the doctrine of equitable tolling.” 46 So.3d at 902. The Alabama Supreme Court’s analysis continued with a discussion of
 
 Martinez,
 
 supra. In
 
 Martinez,
 
 as set forth above, the Supreme Court remanded the case to this Court for further findings.
 
 Martinez
 
 was cited as precedent for holding that Ward was entitled to the opportunity to assert the doctrine of equitable tolling in the circuit court. The Alabama Supreme Court stated:
 

 “In
 
 Ex parte Martinez,
 
 75 So.3d 616 (Ala.2009), we held that a defendant whose petition for a writ of certiorari was pending when we decided
 
 [Ex parte Ward,
 
 46 So.3d 888 (Ala.2007)
 
 (Ward
 
 IIP),] was entitled to assert the doctrine of equitable tolling as it related to his Rule 32 petition. We stated:
 

 “
 
 While Martinez’s certiorari petition was pending,
 
 this Court issued its opinion in
 
 [Ward III],
 
 Martinez did not have the benefit of
 
 Ward [III
 
 ] to afford him the opportunity to argue the equitable tolling of the limitations period. Accordingly, we reverse the judgment of the Court of Criminal Appeals and remand the case to that court for consideration of Martinez’s claim that he is entitled to the remedy afforded by the doctrine of equitable tolling and, if it decides that he is, whether the trial court was correct in denying Martinez’s petition.’
 

 “Martinez,
 
 75 So.3d at 621. A review of our summary in
 
 Martinez
 
 of the claims Martinez argued in his Rule 32 petition reflects that the only claim that could arguably be said to assert the doctrine of equitable tolling was a claim that the limitations period of Rule 32.2(c) should not apply in his case ‘because, he says,
 
 *624
 
 as a native of Guatemala who does not speak English, he faced significant obstacles in pursuing postconviction review.’ 75 So.3d at 617.
 
 Martinez was entitled to assert the newly recognized doctrine of equitable tolling on remand;
 
 likewise, Ward is entitled to assert the doctrine, which was adopted in his case.”
 

 Ward V,
 
 46 So.3d at 902. (Emphasis added.)
 

 Therefore, because the Supreme Court clearly stated in
 
 Ward V
 
 that “Martinez was entitled to assert the newly recognized doctrine of equitable tolling on remand,” 46 So.3d at 902, and because, like Ward, Martinez should be entitled to take advantage of the “new rule” regarding the limitations period in Rule 32, i.e., the application of the doctrine of equitable tolling announced in
 
 Ward III,
 

 [2]
 

 we must reverse the circuit court’s judgment denying Martinez’s Rule 32 petition and remand this case for further proceedings. The circuit court is directed to provide Martinez an opportunity to prove on the merits whether he is entitled to an equitable tolling of the limitations period in Rule 32. The circuit court may conduct an evidentiary hearing, or it may take evidence in the form of affidavits, written interrogatories, or depositions. If, upon consideration of the equitable tolling issue, the circuit court determines that Martinez is entitled to have his out-of-time Rule 32 petition accepted, the circuit court should address all the claims contained in Martinez’s petition as though timely filed.
 

 The return to remand shall include the circuit court’s written findings of fact; a transcript of the evidentiary hearing, if there is one; and any other evidence relied on by the court in making its determination. A due return shall be made to this remand within 63 days of the date of this opinion. The necessity of additional briefing will be addressed at the appropriate time.
 

 REMANDED WITH DIRECTIONS.
 

 WISE, P.J., and WINDOM, KELLUM, and MAIN, JJ., concur.
 

 [1]
 

 .
 
 Ward v. State,
 
 814 So.2d 899 (Ala.Crim.App.2000)
 
 ("Ward I
 
 ”)(affirming on direct appeal);
 
 Ward v. State,
 
 (CR-05-0655), 988 So.2d 1078 (Ala.Crim.App.2006) (table)
 
 ("Ward II")
 
 (affirming the circuit court's denial of Ward’s November 2, 2005, Rule 32 petition);
 
 Ex parte Ward,
 
 46 So.3d 888 (Ala.2007)
 
 ("Ward III
 
 ”) (reviewing denial of Ward's Rule 32 petition and remanding the case to this Court);
 
 Ward v. State
 
 (No. CR-05-0655, August 17, 2007), 14 So.3d 196 (Ala.Crim.App.2007) (table)
 
 ("Ward IV
 
 ") (affirming denial of Ward’s November 2, 2005, Rule 32 petition).
 

 [2]
 

 . We recognize, as did the Alabama Supreme Court, that Ward was the petitioner who first argued that the doctrine of equitable tolling should be adopted in Rule 32 proceedings.