On Remand from the Alabama Supreme Court

WELCH, Judge.
John Michael Ward was convicted of capital murder in the death of his four-month-old son, see § 13A-5-40(a)(15), Ala. Code 1975, and was sentenced to death in 1998. Ward’s conviction and death sentence were affirmed on direct appeal. Ward v. State, 814 So.2d 899 (Ala.Crim.App.2000)(“Ward I”). Ward filed a Rule 32, Ala. R.Crim. P., petition for postconviction relief on November 2, 2005. Because the time for filing his Rule 32 petition had expired, the trial court summarily dismissed Ward’s petition. The summary dismissal was affirmed by this Court without an opinion. Ward v. State (No. CR-05-0655), 988 So.2d 1078 (Ala.Crim.App.2006) (table) (“Ward II”). The Alabama Supreme Court granted Ward’s petition for a writ of certiorari to consider whether the limitations period in Rule 32.2(c), Ala. R.Crim. P., is jurisdictional and, if it is not jurisdictional, whether the Court should adopt the doctrine of equitable tolling to allow for the suspension of the running of the limitations period in Rule 32.2(c) in certain instances. That Court held that the limitations period is not jurisdictional and that “equitable tolling is available in extraordinary circumstances that are beyond the petitioner’s control and that are unavoidable even with the exercise of diligence.” Ex parte Ward, 46 So.3d 888, 897 (Ala.2007)(“Ward III”). The Court also concluded that this Court had “erred in holding that Rule 32.2(c), Ala. R.Crim. P., creates a jurisdictional bar that precludes application of the doctrine of equitable tolling,” and it reversed that portion of this Court’s judgment and remanded the cause for further proceedings consistent with the opinion. Id. at 898.
On remand from the Alabama Supreme Court, this Court again affirmed, without an opinion, the trial court’s summary dismissal, holding in the unpublished memorandum that the doctrine of equitable toll *905 ing was not available to Ward because he had not asserted the doctrine in his Rule 32 petition. Ward v. State (No. CR-05-0655, August 17, 2007), 14 So.3d 196 (Ala. Crim.App.2007) (table) (“Ward IV”). The Alabama Supreme Court again granted Ward’s petition for a writ of certiorari, and on February 19, 2010, it reversed this Court’s judgment, holding, in relevant part:
“The dispositive issue before us is whether the Court of Criminal Appeals correctly held that the doctrine of equitable tolling is not available to Ward because he failed to assert it in the Rule 32 petition filed by previous counsel on November 2, 2005, before we released our opinion in Ward III on June 1, 2007, in which we recognized as a matter of first impression the availability of equitable tolling to a Rule 32 petitioner. In light of the fact that the doctrine of equitable tolling is a newly recognized exception to the limitations provision of Rule 32.2(c), that it was Ward who argued successfully before this Court that the doctrine should be adopted, and that this is a capital case, we hold that Ward should have the opportunity to assert the doctrine of equitable tolling.”
Ex parte Ward, 46 So.3d 898, 901-02 (Ala.2010) (“Ward V”). The Alabama Supreme Court reversed this Court’s judgment in Ward TV with directions that this Court remand the case “to the trial court for an evidentiary hearing on the merits of Ward’s equitable-tolling claim and a determination as to whether Ward is entitled to file an out-of-time Rule 32 petition.” Id. at 903.
In light of the Supreme Court’s holding, we reverse the trial court’s judgment and remand this case for further proceedings consistent with the Supreme Court’s opinion.
REVERSED AND REMANDED.
WISE, P.J., and KELLUM and MAIN, JJ., concur. WINDOM, J., recuses herself.