WELCH, Presiding Judge,
dissenting.
I respectfully dissent. I believe that the majority has erred by determining that pleadings alone are sufficient to entitle Patrick to the relief afforded by the extraordinary remedy of equitable tolling. Moreover, I do not believe that the circuit court’s assertion that it “did not intend, nor does this Court find, that the doctrine of equitable tolling is applicable in the present case” in any way suffices as a factual determination as to this issue. (Record on Return to Remand, C. 2.) This order was in response to the order of remand issued by this court in which we ordered the circuit court to clarify the September 15, 2009, order written in response to Patrick’s “Motion for an Enlargement of Time.” That order stated:
“Motion for enlargement of time granted. All R. 32 motions to be filed w/i [within] 30 days. 15 Sept 09.”
This order was confusing because it was written in response a motion that requested that the circuit court allow equitable tolling.
As a result, this court remanded the case with the following direction:
“On appeal, Patrick contends, among other things, that the circuit court abused its discretion by not applying the doctrine of equitable tolling to his Rule 32 petition. In its response, the State notes confusion created in the record regarding whether the circuit court’s September 15, 2009, order granting Patrick an ‘enlargement of time’ amounted to the grant of relief under the doctrine of equitable tolling. See Ex parte Ward, 46 So.3d 888 (Ala.2007); Davenport v. State, 987 So.2d 652 (Ala.Crim. App.2007). In order to address the issues presented in Patrick’s appeal, this Court must ascertain whether the circuit court granted or denied Patrick relief under the doctrine of equitable tolling. *761 Because the circuit court’s September 15, 2009, order is unclear in that regard, this case is hereby REMANDED to the Washington Circuit Court for that court to clarify its September 15, 2009, order granting an ‘enlargement of time.’ ”
(Alabama Court of Criminal Appeals Order of Remand dated December 3, 2010.)
An examination of the record reveals that it is devoid of evidentiary material and consists solely of pleadings. It is evident that the circuit court’s order on remand is not a ruling on the factual matter whether Patrick was in fact entitled to equitable tolling but rather was merely a statement that the previous order of the court, which was written in response to Patrick’s motion for enlargement of time, was intended to allow Patrick to amend his petition.
Therefore, I disagree with the majority’s decision to reverse the judgment of the circuit court and to remand the cause to the circuit court with directions to afford Patrick a hearing at which he may prove the claim raised in his petition.
I believe that the assertions set forth in the majority’s opinion, if true, entitle Patrick to the equitable tolling of the limitations period in Rule 32.2(c); however, they are merely allegations. Patrick has not proven that the facts he alleges supporting the application of equitable tolling are in fact true. In an evidentiary hearing, the circuit court may determine that Patrick did not set forth the facts or may discover other facts adduced by the State that cast doubt upon Patrick’s claim that he is entitled to relief under the doctrine of equitable tolling. Patrick is entitled to an opportunity to prove these allegations. See Martinez v. State, 75 So.3d 622, 624 (Ala.Crim.App.2010) (“The circuit court is directed to provide Martinez an opportunity to prove on the merits whether he is entitled to an equitable tolling of the limitations period in Rule 32. The circuit court may conduct an evidentiary hearing, or it may take evidence in the form of affidavits, written interrogatories, or depositions. If, upon consideration of the equitable tolling issue, the circuit court determines that Martinez is entitled to have his out-of-time Rule 32 petition accepted, the circuit court should address all the claims contained in Martinez’s petition as though timely filed.”).
For guidance in making its determination, the circuit court may look to Holland v. Florida, — U.S. -, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (concerning the right to equitable tolling of the one-year limitations period for filing federal habeas relief discussing gross attorney negligence and the petitioner’s due diligence).
For the above reasons, I respectfully dissent.
WINDOM, J., concurs.