WINDOM, Presiding Judge,
concurring in part and dissenting in part.
I agree with the majority’s disposition of Patricia Williams’s actual-innocence claim. However, for the reasons stated in Judge Welch’s dissent in Patrick v. State, 91 So.3d 756, 760 (Ala.Crim.App.2011), I respectfully disagree with the majority’s decision to direct the circuit court to vacate one of Williams’s convictions at the pleading stage. The circuit court summarily dismissed Williams’s Rule 32, Ala. R.Crim. P., petition on the pleadings. Rule 32.3, Ala. R.Crim. P., provides that “[t]he petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.” Because the circuit court summarily dismissed Williams’s petition on the pleadings, Williams has not had the opportunity to present evidence and has not met her burden of “proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief.” In other words, although the “assertions set forth in the majority’s opinion, if true, [may] entitle (Williams] to [relief], ... they are merely allegations.” Patrick, 91 So.3d at 756 (Welch, J., dissenting).
Because Williams’s cause is before this Court to review the circuit court’s action on her pleadings and because she has not presented any evidence in support of her *267 allegation, I do not believe that it is appropriate for this Court to order the circuit court to vacate one of Williams’s convictions. In other words, this Court should not summarily grant relief based on a Rule 32 petitioner’s pleadings. Instead, this Court should apply Rule 32.2, Ala. R.Crim. P., and remand the cause to the circuit court with instructions for it hold an evi-dentiary hearing or accept evidentiary submissions, thus providing Williams with an opportunity to present evidence in an attempt to prove her claim. Rule 32.9, Ala. R.Crim. P. Therefore, I respectfully dissent.